## DOCK SIMS v. THE STATE.

*No. 2893.    Decided March 12.*

**Swindling—Venue—Charge of the Court.**—To constitute the offense of swindling there must be an acquisition of property by means of some false or deceitful pretense or device, or fraudulent representation; and the title to the property must pass from the injured party to the accused. And as to venue, in all cases not specifically named in the Code the proper county for the prosecution is that in which the offense was committed. Swindling is not one of the offenses thus enumerated, and must be prosecuted in the county in which the property was acquired. In this case the prosecution was had in Eastland County, in which county the indictment alleged the venue. The proof shows that the false pretenses and representations were made by defendant in Eastland County, but that the property was delivered to him in Brown County. The court charged that if the offense was begun and partly committed in Eastland County, and completed in Brown County, the allegation of venue was sustained. *Held*, error.

APPEAL from the District Court of Eastland. Tried below before Hon. T. H. Conner.

The opinion sufficiently discloses the case. The penalty assessed against the appellant was a term of two years in the penitentiary.

*Hammons & Cotton, R. B. Truly* and *J. H. Davenport,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE. — This conviction is upon an indictment which charges the offense of swindling, in that the defendant, by means of false pretenses and devices and fraudulent representations, did acquire from G. C. Fort a horse of the value of $100. The venue of the offense is laid in Eastland County, and the conviction had in said county.

It appears from the evidence that the false pretenses and devices and fraudulent representations were made by defendant to said Fort, as alleged in the indictment, in Eastland County, but the horse was delivered to defendant by said Fort in Brown County.

Upon the question of the venue of the offense the court instructed the jury, in substance and effect, that if the offense was begun and partly committed in Eastland County, and was consummated and completed in Brown County, the allegation of venue in Eastland County was sustained. Defendant excepted to said instruction, and requested a special instruction to the effect that if the horse was acquired by the defendant in Brown County he could not be prosecuted for the offense in Eastland County.

To constitute the offense of swindling there must be an *acquisition* of property by means of some false or deceitful pretense or device, or fraudulent representation, etc. The title to the property in question must pass from the injured party to the accused. Cline v. The State, 43

Texas, 494. It is the *acquisition* of the property that completes the offense. In this case no offense was committed in Eastland County, because the horse was not there acquired by the defendant. His false and deceitful pretenses and false representations in Eastland County did not constitute swindling.

In all cases not specially named in the Code the proper county for the prosecution of the offense is that in which the offense was committed. Code Crim. Proc., 225. Swindling, not being one of the offenses enumerated in the chapter on venue, comes within the general rule above stated.

We are of the opinion that the offense of swindling is committed in the county in which the property is acquired by the accused, and that a prosecution therefor can only be maintained in such county. This precise question has not heretofore been determined by this court, or by our Supreme Court, but analogous cases in harmony with our present opinion have been decided by this court. Robertson v. The State, 3 Texas Ct. App., 502; Brockman v. The State, 16 Texas Ct. App., 54; Gage v. The State, 22 Texas Ct. App., 123; West v. The State, *ante,* 1. Our views here expressed are also supported by the rules of the common law in the kindred offense of cheats. 2 Whart. Crim. Law, secs. 1206, 1207, and notes.

Because the law as to the venue of the offense was incorrectly given to the jury, and because the evidence does not sustain the allegation of venue, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.