## J. E. J. MCALISTER v. THE STATE.

### No. 572.   Decided May 4, 1910.

**1.—Theft of Horse—Bailment—Charge of Court—Conversion—Venue.**

Upon trial of theft of horse under bailment, where the evidence raised the question as to where the conversion took place, whether in the county of the prosecution or in another county, the court should have charged affirmatively that if the fraudulent conversion took place in a county other than that of the prosecution to acquit the defendant; this became especially necessary in theft under bailment. Following Abbey v. State, 35 Texas Crim. Rep., 589; 34 S. W. Rep., 930.

**2.—Same—Conversion—Mortgage—Venue—Bailment.**

On an indictment of theft under bailment, testimony that the defendant borrowed money on the alleged property did not deprive the owner to exercise his ownership and did not amount to a conversion to the exclusion of the real owner, and therefore did not fix the venue of the offense.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of theft of horse under bailment; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Eason & Dilworth,* for appellant.—Where a party obtains possession of a horse by virtue of a contract of bailment in one county, and fraudulently converts the same to his own use and benefit in another county, the offense is committed in the latter county.

Article 877, Penal Code, is not violated by bailee or one who offers for sale the property held by him under contract of bailment, nor is it violated by the execution of a chattel mortgage on such property: Abbey v. State, 35 Texas Crim. Rep., 589; 34 S. W. Rep., 930; Yost v. State, 38 S. W. Rep., 192; Von Senden v. State, 45 S. W. Rep., 725; Moore v. State, 37 Texas Crim. Rep., 552; 40 S. W. Rep., 287.

On question of the court's failure to give affirmative charge on conversion and venue: Wheeler v. State, 56 Texas Crim. Rep., 547; 121 S. W. Rep., 166.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from a conviction for theft by bailee, appellant's punishment being assessed at confinement in the penitentiary for two years.

Appellant was indicted under the provisions of article 877, White's Penal Code, which provides: "Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall, without the consent of the owner, fraudulently convert such property as to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft, and shall be punished as prescribed in the Penal Code for theft of like property." The proof on the trial established that one J. J. Powers had in his possession a horse and that this horse was placed in the hands of the appellant, McAlister, for the purpose of being trained and gentled; that the appellant agreed to take possession of the horse and care for him and feed him, and was permitted to use the horse. Powers lived in Waco and so did the appellant. The horse went into the possession of appellant about the middle of March of the year 1909; Powers testified that he saw the horse in the possession of the appellant two or three times, and that some three weeks thereafterwards the horse and the appellant disappeared from McLennan County, and that he had never gotten his horse back, nor pay for the horse; and that he never saw the appellant any more until he saw him in jail. The other testimony on the part of the State established that the appellant sold the horse in Dallas County, some three weeks after he acquired possession of it from Powers; that he sold the horse for $59. The appellant left and went to California and then returned to San Antonio where he was arrested in July and returned to McLennan County. The State further proved by one Baker that a few days after appellant acquired the possession of the horse he offered to sell the horse to Baker; that he declined to buy it but loaned the appellant $15 on the horse. The appellant took the stand and testified that he got the horse from Mr. Powers to gentle and train for him; that the horse was a little wild and Mr. Powers was afraid of him, and that at the time Powers let him have the horse he authorized him to sell the horse if he could get a good price for him; that when he offered to sell the horse to Baker it was by reason of the agreement between him and Powers; that he did borrow $15 from Mr. Baker but did not give a mortgage, but signed a blank paper. The mortgage was never introduced in testimony and objection was made to the secondary evidence of its contents. Appellant said he was out of employment in McLennan County, and that he drove the horse to Dallas County, his wife accompanying him, and that his purpose in going to Dallas County was to secure work. That he got up there and got in company with

a lot of friends and got on a drunk, and that while he was drunk, unknown to him, his brother sold the horse, gave him the check for what was received for the horse; that he presented the check to the bank and it was cashed and fearing that his brother was in trouble by selling the horse which did not belong to him, he left and went to California and that his purpose in dodging around was to conceal the offense that was committed by his brother. He admitted that he had spent the money and never accounted to Powers for the horse, and he further stated that he was to procure a buyer for the horse but that before the sale was to be accomplished Powers was to ratify it.

Under this state of the facts the appellant requested the court to charge the jury as follows: "Before you can convict the defendant, you must believe beyond a reasonable doubt that the defendant fraudulently converted the horse in question, as charged in the court's charge, in McLennan County, Texas, and if you have a reasonable doubt as to whether or not the conversion took place in McLennan County, you will acquit the defendant." Also appellant requested the following charge: "If you believe from the evidence in this case, that the horse in question was fraudulently appropriated by the defendant in Dallas County you will return a verdict of not guilty." These charges were refused by the court, and the indorsement of the judge is because they were embodied in the main charge. The main charge of the court on this subject is as follows: "Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant did, in the county of McLennan and State of Texas, at or about the time charged in the indictment, then and there having in his possession the personal property described in the indictment being the property of J. J. Powers, under the bailment alleged, fraudulently convert the same to his own use or benefit, without the consent of the said J. J. Powers and with the intent to deprive the owner of the value of the same, then you will find the defendant guilty as charged," etc., and "if you have a reasonable doubt thereof, you will acquit the defendant." We do not agree with the trial judge that the main charge presents the issue made by the special charges above requested. The appellant was entitled to an affirmative charge presenting his view of the case. It was a question of fact as to whether the conversion took place in McLennan or Dallas County, and if the conversion took place in Dallas County, then McLennan County would not have jurisdiction of the offense. It is unlike ordinary theft, or theft where the property is acquired by a fraudulent pretext. If the property is in the possession of the party under a contract of hiring or borrowing, the fraudulent conversion of it constitutes and completes the offense, and while the appellant may have intended to convert the property at the time he borrowed it, and while his exercise of acts of ownership as contradistinguished from the acts of the real owner are circumstances that the

jury might consider in determining when the conversion took place, yet, if the appellant was in lawful possession of the horse and there was no limitation upon his exercise of this possession, he could have gone to Dallas and returned and would not have violated his contract of borrowing. Appellant may have had and from his evidence had the right to use the horse where and when he pleased. Hence, how are we to determine the act of conversion until there is a disposition of the property? There was no question but that the property was disposed of in Dallas County. We, therefore, following the rule laid down in the case of Abbey v. State, 35 Texas Crim. Rep., 589; 34 S. W. Rep., 930, must hold that the court erred in not giving the special charges requested by the appellant and that this issue was not affirmatively presented in the charge of the court as given in the trial of the case. The appellant could not have been convicted for a conversion of the horse by reason of the transaction that took place between himself and the witness Baker. He had the possession of the horse and Powers could have reclaimed him at any time or have demanded the horse. While it is true Baker may have been the loser in the matter, and the appellant may have intended to swindle Baker in the transaction, yet this could not be considered, in the light of the record of itself, as a conversion of the property to the exclusion of the real owner. As was held in the case of Dozier v. Pillot, 79 Texas, 224, a civil action could not have been maintained against the defendant unless the acts and the conduct of the defendant were such as to warrant the conclusion that, on demand of the owner, the property would not have been delivered. In other words, there is nothing in this record to show that the appellant was not in a position to have returned the property to the owner at any time before the sale took place in Dallas, and, following the rule laid down by this court, we must reverse the case because of the failure of the court to affirmatively present in his charge the issue suggested by the testimony as to whether the conversion took place in McLennan or Dallas County. If the conversion took place in Dallas County, then the prosecution should have been there, and the court should have directed the jury that if they found the conversion in Dallas County, they would return a verdict to that effect and upon the verdict being so returned the court should have directed the prisoner to be delivered to Dallas County to be prosecuted for the offense committed. It may be said that this view of the law is technical, yet the statute imperatively requires that the prosecution shall be instituted in the county where the offense is committed. We have but to follow the law.

There are other questions raised in the record that it is not necessary to notice, and for the reason above indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*