JOE COX v. THE STATE.

No. 4412.    Decided March 28, 1917.

**Theft by Bailee—Insufficiency of the Evidence.**

Where, upon trial of theft by bailee of an automobile which defendant had hired from the alleged owner, the State's contention was that defendant while in possession thereof agreed to sell it, and that this constituted a conversion of same, but the evidence showed that the owner of the automobile had authorized defendant and his companion to sell it, the fact that they did offer to sell it or make a contract of sale would not constitute a conversion, and the conviction

was not sustained by the evidence. Following Thompson v. State, 67 Texas Crim. Rep., 660, and other cases.

Appeal from the District Court of Tarrant. Tried below before the Hon. Bruce Young.

Appeal from a conviction of theft by bailee; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Simpson & Estes* and *Chas. T. Prewett,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted and convicted for the offense of theft by bailee and his punishment assessed at two years confinement in the State penitentiary.

The appellant hired an automobile from Ed Stevens, the owner, and while in possession of it agreed to sell it, but the sale was not consummated. It was the State's theory that the agreement to sell the property constituted a conversion of it, rendering appellant guilty of theft by bailee.

The owner of the car testified that he had agreed that the appellant might sell the car and agreed to pay him a commission to sell it. The following excerpts are taken from the testimony of Stevens, the owner of the car:

"Joe Sweeney had spoke to me about selling the machine for me and said he might sell it. This conversation occurred more than a month before the occasion in question when I rented the car to Joe Sweeney and Joe Cox. . . . Joe Sweeney said to me that he might find me a buyer for the car. I told him all right and he wanted to know how much I would give him and I told him I would give him a tip or commission, if he sold it. . . . I agreed they might sell the car. I agreed to pay them a commission for selling it. After this first conversation about selling the car, the car begun to go down hill, and I said I didn't believe I could get $150 for it at that time. Joe Cox or Joe Sweeney were present when I had the conversation just detailed. If Joe Cox or Joe Sweeney had sold the car on the occasion in question for $150 and had given me the money it would have been satisfactory with me. . . . There was no time limit set within which they were to sell the car for me, and I expected to give them a commission, if they sold it."

The evidence showed without contradiction that the appellant and his companion after hiring the automobile from Stevens offered to sell it for $150; that they did not sell it, did not receive anything for it, did not deliver it to the contemplated purchaser, but that it was returned to the owner. Appellant and Joe Sweeney hired the automobile together and acted together in attempting to sell it.

The evidence showing that the owner of the automobile had author-

ized appellant and Joe Sweeney to sell it, the fact that they did offer to sell it, or make a contract of sale, would not constitute a conversion of the automobile.    Thompson v. State, 67 Texas Crim. Rep., 660, 160 S. W. Rep., 181; Smith v. State, 45 Texas Crim. Rep., 251; Von Sedden v. State, 45 S. W. Rep., 725.

In our opinion the evidence does not support the conviction.    For that reason the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*