Kay Moore v. The State.

No. 5975.   Decided November 17, 1920.

1.—Embezzlement—Insufficiency of the Evidence.

Where the indictment charged the defendant with embezzlement, and converting money received for certain goods in his charge, it was essential that the proof sustain this allegation, and where there was a failure of such proof, the same is reversible error.

2.—Same—Definition of Offense—Statutes Construed—Bailee.

Under Article 1348, C. C. P., defining theft by bailee, the contention of defendant that the prosecution cannot be sustained for embezzlement, is correct.   Following Lee v. State, 81 Texas Crim. Rep., 129.   But, where the bailment contemplated, that the defendant sold the goods, etc., as charged in the indictment, converting the money belonging to his principals, the embezzlement statute, Article 1416. C. C. P., would apply.

3.—Same—Theory of Defense—Purchase—Charge of Court.

Upon trial of embezzlement by conversion of certain goods, etc., the defendant's theory of purchase should have been submitted as requested.

Appeal from the District Court of Erath.   Tried below before the Honorable J. B. Keith.

Appeal from a conviction of embezzlement;   penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Robert L. Thompson*, for appellant.—Cited cases in opinion.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—Appellant appeals from a judgment convicting him of embezzlement and fixing his punishment at confinement in the penitentiary for two years.

The prosecution is founded upon the allegation that appellant, as the agent of one Thompson, came into possession of a sum of money which he fraudulently appropriated.   From the State's standpoint, the facts disclose that Thompson placed in the possession of appellant certain produce, consisting of various articles invoiced in detail, with the price affixed to each article, aggregating something over $400. The appellant was to take the goods to Desdemona, and sell them at the prices named in the invoice, otherwise to return the articles.   It was the state's theory that he sold a part of the property, and the fact that he returned a part of it is not disputed.   Appellant's testimony was to the effect that he bought the goods outright.   From the State's testimony, appellant's compensation was to arise from the

sale of the goods at a price beyond that of the invoice, and also he was to be compensated at the customary price of transporting the goods from Dublin, the place of the contract, to Desdemona.

We find in the record no satisfactory proof that appellant sold the goods, or any part of the goods, and converted them into money or into any particular sum of money. The indictment having charged that appellant converted money, it was essential that the proof sustain this allegation, and the absence of such proof renders it necessary that the judgment be reversed.

The appellant contends that the prosecution cannot be sustained for the reason that if an offense grows out of the facts proved, it would be that denounced by Article 1348, P. C., defining theft by bailee. If the appellant converted the goods, that is, if he appropriated the goods to his own use, the offense would come under the article named. We have so held in Lee v. State, 81 Texas Crim. Rep., 129, in which will be found other cases to the same effect. The bailment, however, contemplated that appellant would sell the goods, and, from the State's standpoint, that the money derived therefor, to the extent of the prices of the articles sold fixed in the invoice, would be held by the appellant for Thompson, and that he would be obliged to deliver it to Thompson. To these facts, we think, if appellant converted the money belonging to Thompson, the embezzlement statute would apply. See Article 1416, P. C., defining that offense.

On another trial, appellant's defense of purchase should be submitted, upon his request, in a specific and affirmative manner.

For the reason that the evidence fails to disclose that the money described in the indictment, or any specific part thereof, came into the possession of the appellant under the transaction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*