### E. R. ALLEN v. THE STATE.

No. 7231.   Decided May 30, 1923.

Rehearing Denied June 20, 1923.

**1.—Theft by Bailee Conversion—Jurisdiction.**

Where defendant was convicted as bailee of the conversion of an automobile of which he had been placed in possession by the special owner for the purpose of repairing and selling it, but which he took to another State and there sold it as junk for thirty dollars, and defendant contended that as the offense if any took place in another State, it constituted no offense in this State, etc., *held*, if the defendant formed the intent in this State to convert the car, and carried it into another and there sold it, he would be guilty of theft by bailee, and there is no reversible error.

**2.—Same—Rehearing—Special Owner—Indictment.**

Where, upon motion for rehearing, appellant insisted that another party not alleged in the indictment was the true owner of the car, the indictment should be held to charge no offense because it failed to allege that the owner named in the indictment was authorized by the true owner to make the contract of bailment, *held*, that this contention is untenable in as much as possession not ownership can be alleged to be in the special owner of the property. Following Piper v. State, 56 Texas Crim. Rep., 121.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from the conviction of theft by bailee; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* and *F. M. Chancy,* for appellant.—Cited cases in opinion.

*W. A. Keeling,* Attorney General, *C. L. Stone,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for theft by bailee; punishment fixed at confinement in the penitentiary for a period of two years.

One Shrigley was in possession of an automobile which belonged to a party in El Paso and had the authority to dispose of it. He delivered it to the appellant in order that he might repair it and bring it to a condition so that it could be used. Appellant undertook to put it into repair and endeavored to sell it for $150. He had the privilege of buying it at that price and was to retain any amount above that sum that might be realized in the sale. After putting it into repair, he drove it to the city of Chicago, where, according to his testimony, it broke down and was sold by him for thirty dollars. The automobile came into his possession about the middle of June, and according to the State's testimony, he was to return it or the money in lieu of it within two weeks. After the expiration of that time, Shrigley requested its return. There was a controversy on the trial over the value of the car and the value of the repairs. This, however, is not a matter deemed of importance.

Appellant's position, as developed from his testimony, is this: He made various repairs which, at the regular price, would amount to $148.50; that he was unable to sell it for $150. He claimed, however, to have purchased the car on credit; that he was selling carbon remover and used the car with the consent of Shrigley in going from place to place in pursuit of that occupation; that his wife's relatives resided near the city of Chicago and he took her to that city. The automobile finally gave way and was sold by him as junk for thirty dollars and he had to pay ten dollars for removing it off the streets of Chicago.

Appellant takes the position that he having the right to either sell or buy the car, he could not be guilty of converting it; that his offense, if any, would be for embezzling the proceeds; that even if a conversion were possible under the facts, it took place in another state and constituted no offense against the laws of this State. He also insists that since Shrigley was a mere bailee that appellant could not be guilty of theft by bailee. In the last proposition, we think there is no merit. Within the meaning of the statute on theft, Shrigley was the owner of the car. If the State's testimony be true, appellant had the privilege of retaining the car for two weeks. At or about that time, he having failed to sell it, was requested to return it, but instead of returning it, he took it to another state, and took his family with him and ultimately disposed of the car. He was convicted of theft by bailee. If appellant bought the car on credit, manifestly he was guilty of no offense. If he took it out of the

State with the consent of Shrigley, he committed no offense in this State. If before converting it to his own use he sold it, doubtless the offense, if any, would be the embezzlement of the proceeds, but suppose that before selling it and while in Tarrant County, Texas, he controverted it.. In such event, we are aware of no rule that would prevent his conviction.

Appellant insists, however, there is no evidence that the conversion was in Tarrant County. It was there when it was delivered, and if we comprehend the testimony, it was there when it was demanded by the owner, but was afterwards removed and taken to another state. The intent of the appellant in removing it and the time and place that he formed the intent were questions of fact. We think it cannot be justly said that the circumstances do not support the inference that while in Tarrant County he formed the intent to convert the car and carried into effect his purpose by taking it to another state. It is true that this is controverted by his testimony, but the truth of his testimony was to be determined by the jury. McAlister v. State, 59 Texas Crim. Rep. 237, cited by appellant is not in conflict with this view. It turned upon the manner in which the question of intent was submitted to the jury for solution. In Northcutt v. State, 60 Texas Crim. Rep. 269, the bailee, a tenant farmer, was commissioned by the landlord to sell cotton and account for the proceeds. He sold the cotton but failed to account for the proceeds. This was embezzlement. Why? Because it was the money that was appropriated. The cases are not similar. Lee's case, 81 Texas Crim. Rep. 129, is analogous. The conviction for theft by bailee was sustained. Goods were placed in the possession of Lee by the owner with the agreement that Lee might sell the articles or return them, but for such as he sold he was to account, less fifteen per cent from the invoice price. He neither sold nor returned the articles but carried them away.

In the instant case, under the facts relied upon by the State, the appellant was the bailee and converted the automobile under circumstances justifying the conclusion reached by the jury that the offense was committed in Tarrant County.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 20, 1923.

HAWKINS, JUDGE.—The indictment charged that the automobile in question was the ''property of and belonged to L. P. Shrigley'' and that appellant had possession of it by virtue of a contract of bailment made with Shrigley.

Upon motion for rehearing appellant insists that the evidence having shown Mrs. Starkey to be the true owner, the indictment should be held to charge no offense because it failed to allege that

Shrigley was authorized by Mrs. Starkey to make the contract of bailment with appellant, and in support of this proposition Nugent v. State, 89 Tex. Cr. Rep., 168, 229 S. W. Rep., 865 is cited together with the authorities therein referred to. We think appellant has misapprehended the Nugent opinion. The indictment in that case disclosed that the property belonged to Arthur Branch, but that the contract of bailment was made by Hattie Branch, his wife, without alleging that she was authorized by her husband to make the contract; hence, it was held that upon its face the indictment was defective. The authorities cited in the opinion are based upon similar indictments. Immediately following the language quoted from Nugent v. State (supra) in appellant's brief appears the following statement evidently overlooked by him. "If Arthur Branch had gone away from home leaving his wife in the exclusive control, care and management of the hog in question, in view of re-indictment, we suggest it should contain a count alleging ownership in her and bailment made by her." From this statement it is clear we enterttained the opinion that even in charging theft by conversion under Article 1348 of the Penal Code, possession could with propriety be alleged to be in the special owner of the property. Piper v. State, 56 Tex. Cr. Rep., 121, 119 S. W. Rep., 869 is directly in point supporting that view. DeGress owned a diamong ring. He had loaned it to Miss Koch, she in turn loaned it to Piper, who converted it to his own use by pawning it. The indictment alleged ownership in Miss Koch and a bailment by her to Piper. It was specifically held in that case that Article 877 Penal Code, (now 1348) was designed to meet the facts of special cases, where under the provisions of our Code no conviction for theft could otherwise be had, and was not intended to change the rule with reference to allegations or proof in respect to possession of property. Of course if Piper could have shown consent of DeGress for the former's pawning of the ring it would have been a complete defense; and so in the instant case if appellant could have shown Mrs. Starkey's consent to his conversion of the automobile the prosecution would have failed; but Shrigley being the special owner, possession and ownership was properly alleged in him and bailment by him.

The other questions presented in the motion were sufficiently considered in the former opinion.

The motion for rehearing is overruled.

*Overruled.*