## J. D. SUMMERS V. THE STATE.

No. 15196. Delivered November 16, 1932.
Reported in 54 S. W. (2d) 508.

The opinion states the case.

*Ernest Becker, Z. E. Coombes,* and *Baskett & DeLee,* all of of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft by bailee; punishment, two years in the penitentiary.

Appellant took possession of a car in January, 1931, under a contract with the owner that he would sell it, and have for his trouble all over $200 obtained by such sale. No bill of sale was ever made by the owner, who expected to make one if and when the car was sold. It is in testimony that the records in Dallas county showed that in February, 1931, appellant sold and transferred said car to one Davis, for what consideration does not appear, but the proof shows the car to be worth considerably more than $50. A brother of the owner conducted the negotiations with appellant, and often saw him between January, 1931, and June of said year, trying to find out what had been done by appellant with said car. On each such occasion appellant said he had not sold the car. When demand was made on him in June for the car, appellant said he had that day let a prospective purchaser have it to try it out, but could not locate such prospect when, upon demand of the owner, search was made for him. This search and demand occurred on Saturday. On that day appellant let the owner have a car claimed by appellant as his own, to hold until he had accounted for the car of said owner. On Monday the car which appellant had let the owner have was taken from said owner by an officer. On Tuesday the owner came to Dallas, examined the records, and discovered that his car had been sold. On Wednesday he demanded an explanation of appellant, who, according to this witness, hung his head and had little to say—said he would try to pay for the car. He admitted then he had disposed of the car. He never accounted for it or its value.

Appellant did not testify. The only witness introduced for the defense testified that in February, 1931, he loaned appellant $70 on a four door Whippet sedan. No testimony identified this car with that alleged to be stolen.

The charge was theft by bailee. On the trial, the court told the jury that, if they found from the testimony beyond a reasonable doubt that appellant had in his possession said car under the bailment alleged, and that he fraudulently converted same to his own use, without the consent of the owner, and with intent to deprive said owner of the value of same, he should be found guilty. The court also told them that, even though they believed appellant had disposed of said car, they could not convict him unless they believed from the evidence, beyond a reasonable doubt, that he disposed of same with the intention of

depriving the owner of the value thereof, and of appropriating same to his own use and benefit. There were no exceptions to the court's charge, and no complaint by any bill of exception of any procedure on the trial. The only question here is the sufficiency of the testimony to sustain the verdict. Appellant being the unquestioned bailee of said car, and there being ample evidence to support the proposition that he disposed of same soon after he acquired it, and that he told many falsehoods about having disposed of it, and the evidence seeming to overwhelmingly show that he had appropriated said car to his own use and benefit, there seems little question of the sufficiency of the testimony. Lee v. State, 81 Texas Crim. Rep., 112, 193 S. W., 313; Allen v. State, 94 Texas Crim. Rep., 646, 252 S. W., 505.

The case of Moore v. State, 88 Texas Crim. Rep., 154, 225 S. W., 261, is easily differentiated. There the charge was the conversion of certain moneys alleged to be the proceeds of a sale of goods entrusted to the accused. Judge Morrow says in the opinion that there was no satisfactory proof that appellant ever sold the goods or any part of them, or converted same into money, or any particular sum of money, and that, the indictment having charged the accused with having converted money—it was essential that this allegation be sustained by the proof—the absence of which made necessary the reversal of the case. The further observation in the opinion would be but dicta. Nor do we find anything in Cox v. State, 81 Texas Crim. Rep., 115, holding contrary to our conclusion that the testimony in this case justifies the jury's verdict of guilty.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*