## H. A. ROBERTSON v. THE STATE.

No. 20460. Delivered June 14, 1939.
Rehearing Denied November 1, 1939.

The opinion states the case.

*Alfred M. Clyde* and *H. R. Bishop,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of swindling. The punishment assessed is confinement in the State penitentiary for a term of three years.

It is charged in the indictment that on the 14th day of August, 1937, H. A. Robertson made, in Tarrant County, certain false and fraudulent representations to J. W. Reed, the nature of which we do not deem necessary to state here, by which he obtained from Reed property in excess of the value of $100. That said representations made by appellant were well known by him to be false.

The only question presented which we need to discuss is one of jurisdiction. To determine this question, we must first determine where the alleged false representations were made to Reed which induced him to part with the title and possession of the property, and then determine where the property was delivered by Reed to appellant.

The State's testimony shows that appellant resided in the City of Fort Worth, Texas. Reed, the alleged injured party, resided in the City of Houston in Harris County. Appellant called Reed over the telephone from Fort Worth and represented to him that he had a contract with the School Board and Board of Education of the City of Fort Worth to furnish them some rubber matting to be laid on the floors of the school building. He stated that he desired to purchase the matting from Reed and wanted to know the best price at which it could be obtained. Reed inquired of appellant as to the time, manner and means of payment, and appellant replied that as soon as the matting was laid and he received payment therefor from the school board, he would make full remittance. Reed testified that he believed said representations, and relied and acted thereon. That upon the faith of said representations, he shipped the rubber matting to appellant at Fort Worth. That appellant did not have such a contract with the School Board or Board of Education of the City of Fort Worth.

Upon the subject of delivery, Reed testified: "When I shipped them f.o.b., they were his goods when I placed them in the hands of the truck."

It appears from the record that appellant was to pay the transportation charges.

From the foregoing brief statement of the testimony, it is apparent that appellant used the telephone as the agency by which the allegedly false and fraudulent representations were communicated to Reed at Houston. These alleged representations were heard and acted on by Reed in the City of Houston. Consequently, the alleged fraud, which is an essential element of the offense, was perpetrated on Reed in the latter city. Without any fraudulent representation or deceitful method being resorted to by appellant and relied on by Reed, there would be no case of swindling, regardless of where the property was delivered. The property, according to Reed's testimony, was delivered to appellant at the truck line in Houston. It became appellant's property when it was delivered by Reed into the possession of the truck line. Therefore the alleged offense was committed in Harris County.

When the venue for the prosecution of an offense is not otherwise specifically provided for by statute, we must look to the general venue statute, (Art. 211, C. C. P.), which provides for the prosecution of offenses in the county where committed.

In the case of Sims v. State, 13 S. W., 653, it is decided that venue for prosecutions for swindling is properly laid only in the county where the property is delivered or acquired. See also Dechard v. State, 57 S. W., 814. Tex. Juris., Vol. 12, p. 444 states the rule to be as follows: "* * Where the offense consists in selling an article or commodity, the venue is ordinarily in the county where delivery is made, although payment therefor had previously been made in another county, or the terms of the sale agreed upon elsewhere. And where the offense is consummated by purchasing and receiving an article, the venue is ordinarily in the county in which the article was purchased and delivered."

In the present case, the testimony shows a sale and delivery of the property in Houston. Consequently the venue is properly in Harris County. Since jurisdiction of the offense lies in Harris County, appellant's contention must be sustained.

Other matters complained of need not be discussed by us as they may not arise again upon another trial.

For the error herein discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

It is the State's contention in the motion for rehearing that the question of venue is not properly raised by the record. It is observed that bills of exception 1 and 2 relate to the refusal of the court to instruct a verdict of not guilty on the ground that the testimony affirmatively showed that the offense had been committed in Harris County and that the venue was not properly laid in Tarrant County.

It is true that Article 847, C. C. P., provides that this court shall presume that venue was proven unless the question was made an issue in the court below and it affirmatively appears

by a bill of exception that venue was not proven. However, in the present case it appears that the issue was fought out as to whether the offense was committed in the County of Tarrant, where venue was laid, or in Harris County. Under the circumstances, the question is properly before this court for review. We quote from Munger v. State, 122 S. W. 874, as follows:

"The venue, we think, was sufficiently proved; but, if it was not directly and positively proved, our statue provides, in order to take advantage of this question, there must be a contest over it in the trial court, and the matter preserved by bill of exceptions, in order to take advantage of it on appeal. This question has been frequently so decided under the terms of that statute. Therefore there could be no error in regard to that matter. However, there is one exception to the above statement, and that is: Where the issue was fought out upon the trial as to whether the offense was in the county where the venue was laid or not, we would notice it without requiring a bill of exceptions."

Our examination of the record leads us to the conclusion that it was affirmatively shown that the offense was committed in Harris County and not in Tarrant County, where the venue was laid.

We are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.