-EARNEST KING V. THE STATE.

No. 23704. Delivered June 18, 1947.
Rehearing Denied November 19, 1947.

L. F. Benson, of Mt. Pleasant, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery by the use of firearms and the punishment assessed is confinement in the state penitentiary for a period of five years.

It appears from the record that on Sunday, November 17, 1946, Lacy Alexander, Elbie Hart, Billie Wayne Harrell, and appellant came from Pittsburg to Mt. Pleasant in Alexander's automobile. Some time about 10:30 or 11:00 P. M. Harrell and Hart returned to Pittsburg in Alexander's automobile leaving Alexander and King at Mt. Pleasant. Soon after Harrell and Hart had left, appellant and Alexander engaged a taxi to take them to Charlie's Pig Stand to look for Alexander's car. Not finding the automobile, they employed the cab driver, Howard Wallace, to carry them to Pittsburg. While on the highway between Mt. Pleasant and Pittsburg, appellant drew a pistol and held it to the injured party's side and said, "You do what I tell you to do." That was at or near where Do Drop Inn had burned down. After they had driven to where a road turns off to Harvard Switch, he said, "turn off here," and Wallace drove to the old Mt. Pleasant highway and there appellant said, "turn left and go down to the flat," where he said stop. The cab driver testified as follows: "I stopped and there they made me get out of the taxi, he (meaning appellant) went through my pockets;

took all the money out of my billfold; emptied my pockets; and took my watch. They told me to run, and I ran. I went to a farm house; engaged the farmer to take me to Mt. Pleasant where I reported it to the manager of the person by whom I was employed who immediately notified the officers." Appellant took the witness stand, admitted going to Mt. Pleasant with the aforesaid three persons; that he and Alexander engaged a taxi to drive them around town; that they purchased several pints of whiskey which they consumed. As a result of drinking whiskey to excess, he became drunk and did not know what happened. He even did not know how he got home, etc.

Appellant's chief complaint is that the court erred in declining to sustain his motion for an instruction to the jury to acquit him based on the ground tht the evidence conclusively shows that the offense of robbery was committed in Camp County about two miles from the county line of Titus County. With this contention, we agree.

We quote from the testimony of Howard Wallace, the injured party, as follows: "Well, he stuck a gun in my side and left it there. Well, he held it right there until we got to where we stopped and then he told me to turn the light on and I turned the light on and I saw the gun. That stop was over there where we came into the old Mt. Pleasant-Pittsburg highway. That is about two miles from the county line." This convinces us that the robbery occurred in Camp County and not in Titus County, nor within four hundred yards of the Titus County line. Since this testimony was uncontroverted, the court should have given the requested charge or dismissed the prosecution.

All other complaints have been considered by us and found to be without merit.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed a motion for rehearing insisting that, since there became a question of fact as to whether this alleged robbery occurred in Titus or Camp County, the court's charge

submitting this issue to the jury should control. We are not in accord with that theory under the facts of the case now before us. The only proof as to where the offense took place says it was in Camp County.

The State seems to have in mind Etzler v. State, 143 Texas Cr. R. 327, 158 S. W. (2d) 495. The two cases are clearly distinguishable so far as the allegations in the indictments are concerned. If the indictment in the case now before us had alleged the taking of the automobile, the facts would appear to be very similar to those in the Etzler case, provided the evidence should show they were in Titus County at the time the accused took charge of his victim and forced him to drive the car "* * * where I tell you to." As the record stands before us now, it is not alleged he took the car even though the facts would have sustained such allegation, and the proof does not show that the gun was drawn on the prosecuting witness in Titus County.

It appears then that a further discussion is not necessary. The State's motion for rehearing is overruled.

HAWKINS, Presiding Judge (concurring).

It must be kept in mind that the only robbery charged was taking from Wallace a watch and forty-eight dollars in money. All the evidence shows this property was taken in Camp County. The case was tried upon the theory that if an assault was committed upon Wallace in Titus County with intent to take the watch and money, but if same were not taken until the parties ararrived in Camp County, that venue was properly laid in Titus County. The court so instructed the jury. In the opinion of the writer, this was error. Venue is a creature of and controlled by statute. Unless by special venue is otherwise fixed, it is where the offense was committed. Art. 211, C. C. P. No offense of robbing Wallace of the watch and money was committed until said property was taken from him, and that occurred in Camp County. Robertson v. State, 137 Tex. Cr. R. 535, 132 S. W. (2d) 276; Abbey v. State, 35 Tex. Cr. R. 589, 34 S. W. 930. In Sims v. State, 28 Tex. Cr. App. 13 S. W. 653, an instruction was held ereroneous which in substance was the same as the one given in the present case.

I concur in the opinion of my Brother Beauchamp overruling the State's motion for rehearing for the reasons therein stated, and for the additional reason herein mentioned, which has been adverted to in view of another trial.