*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00025-CR

Alfred **WEEKS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 936582
Honorable Monica E. Guerrero, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:      Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  January 28, 2009

AFFIRMED

Alfred Weeks was convicted of assault and bodily injury of a family or household member.

On appeal, Weeks contends: (1) his trial counsel provided ineffective assistance of counsel; (2) the

State failed to present sufficient evidence to support a finding that the offense occurred in Bexar

County; and (3) the trial court erred in assessing court costs against him. We affirm the judgment

of the trial court.

## FACTUAL BACKGROUND

Alfred Weeks, Darlene Valdez, and their two-year old daughter were driving from Austin to San Antonio. During their commute, Weeks and Valdez were arguing, and Weeks began punching Valdez in her face and on her head. Valdez testified that on multiple occasions, Weeks pulled off the highway and looked for a place to finish the beating. After exiting I-10 West past Loop 1604, Weeks pulled over and parked the vehicle near the highway. Valdez testified that she recognized that the area was near the Dominion subdivision. According to Valdez, Weeks dragged her by her hair out of the passenger side of the vehicle to the back of a nearby shed, where he continued to kick and punch her on her stomach, face, head, and hands. After Valdez begged Weeks to stop, Weeks allowed Valdez to return to the car.

Eventually, Weeks drove to a parking lot near Valdez's house where he had left his car the previous night. Weeks got into his car and drove away, and Valdez drove to her mother's house. Valdez's mother, Janie Botello, called the police and took Valdez to the hospital.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Weeks contends his trial counsel was ineffective because he failed to file any pre-trial motions, failed to challenge specific witness testimony, and failed to allow Weeks to testify. Weeks argues trial counsel did not effectively communicate with him prior to trial and did not file any motions to challenge jurisdiction or motions for discovery to obtain a copy of the police report. According to Weeks, trial counsel's inaction indicates a lack of overall preparation which was prejudicial to the defense. At trial, Weeks instructed trial counsel to challenge the testimony of the complainant and the complainant's mother; however, trial counsel failed to comply with Weeks's request. Weeks claims that because counsel had failed to file pretrial motions, counsel did

not obtain the necessary evidence to establish the two witnesses were lying at trial. As a result, counsel did not have the evidence to establish perjury and consequently did not challenge the testimony of the two witnesses at trial.

A defendant is entitled to effective assistance of counsel under both the United States and Texas Constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 2008). The right to effective assistance of counsel does not guarantee a defendant errorless representation but instead affords a defendant an attorney who is reasonably likely to render effective assistance. *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). To establish ineffective assistance of trial counsel on appeal, an appellant must show that counsel's assistance fell below an objective professional standard of reasonableness and counsel's actions thereby prejudiced appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To establish prejudice, appellant must prove, by a preponderance of the evidence, that but for counsel's unprofessional error, the outcome of his trial would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

In reviewing an ineffective assistance of counsel claim, we consider the totality of counsel's representation in light of the particular circumstances of the case and presume that counsel acted competently and made decisions based on a reasonable trial strategy. *See Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). To rebut this presumption, the basis for "any allegation of ineffectiveness must be firmly founded in the record." *Thompson*, 9 S.W.3d at 813. It is very difficult for an appellant to establish ineffective assistance when the record does not specifically mention counsel's reasons for his actions, and appellant does not develop an evidentiary record

through a hearing on a motion for new trial. *See Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

Here, no evidentiary record was developed through a hearing on a motion for new trial. *See Thompson*, 9 S.W.3d at 813; *Gibbs*, 7 S.W.3d at 179. The record is silent and does not reveal trial counsel's reasons for not filing pre-trial motions, not challenging the two witnesses' testimony, and not allowing Weeks to testify at trial. The record does reveal, however, that trial counsel challenged the State's evidence concerning the location of the offense in his opening statement and cross-examination of each witness. Throughout Valdez's cross-examination, trial counsel asked Valdez specific details concerning nearby landmarks and the timing of the trip. In addition, trial counsel questioned Officer Robert Urdiales, the officer who filed the police report, and Rocky Escabedo, the officer who was dispatched to Botello's house, about the location of the offense as well as Valdez's uncertainty concerning the location. Finally, trial counsel's closing statement was heavily focused on calling the location of the offense into question.

Based on the record, we cannot say that Weeks's trial counsel failed to render effective assistance of counsel. Because the reporter's record does not specifically mention counsel's reasons for his actions and Weeks did not develop an evidentiary record through a hearing on a motion for new trial, Weeks fails to rebut the strong presumption of reasonable counsel. *See Gibbs*, 7 S.W.3d at 179. With a silent record, we must presume that trial counsel's decision not to file any pre-trial motions was based on trial strategy. *See Saenz v. State*, 103 S.W.3d 541, 545 (Tex. App.—San Antonio 2003, pet. ref'd); *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd) ("The failure to file pre-trial motions is not categorically deemed ineffective assistance of

counsel because trial counsel may decide not to file pre-trial motions as part of his trial strategy."). Furthermore, the record is silent as to trial counsel's strategy regarding the cross-examination of Valdez and Botello, and we will not speculate as to trial counsel's tactics. *See Miniel v. State,* 831 S.W.2d 310, 324 (Tex. Crim. App. 1992) (explaining that the decision of what to ask on cross examination falls within the parameters of trial strategy)*; Hollis v. State*, 219 S.W.3d 446, 472 (Tex. App.—Austin 2007, no pet.). Lastly, although Weeks has the final decision regarding whether to testify, the record is silent as to whether Weeks asked to testify and whether he and trial counsel discussed his testifying. *See Garza v. State*, No. 11-02-00318-CR, 2003 WL 22211283, at *4 (Tex. App.—Eastland Sept. 25, 2003, pet. ref'd) (not designated for publication).

Because the record is silent as to trial counsel's strategy regarding the filing of pre-trial motions, the cross-examination of Valdez and Botello, and Weeks's decision to testify at trial, Weeks fails to show that trial counsel performed below the objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88, 692; *Thompson*, 9 S.W.3d at 812. Weeks's first appellate issue is overruled.

### SUFFICIENCY OF THE EVIDENCE

In his second issue, Weeks contends the State failed to present sufficient evidence to support a finding that the offense occurred in Bexar County. Weeks contends that while Valdez testified that the assault occurred in Bexar County, she did not provide a specific address. Moreover, Weeks asserts that Officer Urdiales testified that Valdez was uncertain of the location of the shed where the beating took place, thereby refuting the State's contention that the assault occurred in Bexar County.

We review the factual sufficiency of the evidence by carefully considering all of the evidence in a neutral light and asking whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). Under a factual sufficiency review, we only reverse if: (1) the evidence is so weak that it makes the verdict clearly wrong or manifestly unjust; or (2) the verdict goes against the great weight and preponderance of the evidence. *See id.* at 414-15 (citing *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Although we analyze all of the evidence presented at trial, the trier of fact is the sole judge of the credibility of the witnesses and the weight given to their testimony, and we afford "due deference" to the jury's determinations. *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

Weeks was charged with assault and bodily injury of a family or household member under section 22.01 of the Texas Penal Code. TEX. PENAL CODE ANN. § 22.01 (Vernon Supp. 2008). Under article 13.18 of the Texas Code of Criminal Procedure, prosecution for this offense is proper in the county in which the offense was committed. TEX. CODE CRIM. PROC. ANN. art. 13.18 (Vernon 2005); *see also Robertson v. State*, 137 Tex. Crim. 535, 538, 132 S.W.2d 276, 278 (1939) (instructing courts to look to article 13.18 of the Texas Code of Criminal Procedure when the statute does not specifically provide venue for the prosecution of an offense). In criminal cases, venue must be proven only by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art 13.17 (Vernon 2005). Because venue is a jurisdictional fact and not an element of the offense, "it need not be established by evidence beyond a reasonable doubt, and may be proved by circumstantial as well as direct evidence." *Edwards v. State,* 427 S.W.2d 629, 636 (Tex. Crim. App. 1968); *see also Hernandez v. State*, 198 S.W.3d 257, 268 (Tex. App.–San Antonio 2006, pet. ref'd).

Valdez testified that Weeks began hitting and punching her on the drive from Austin to San Antonio. Valdez testified that Weeks pulled off the highway on multiple occasions and looked for a place to finish the beating. Valdez further testified that a substantial portion of the beating took place behind a shed that Weeks found after he had exited I-10 West past Loop 1604 but before the Dominion subdivision. Additionally, Officer Urdiales testified that the Dominion and the area of I-10 past Loop 1604 but before the Dominion subdivision are located in Bexar County.

Weeks attempts to challenge the location of the shed by focusing on Officer Urdiales's police report, which states the offense took place along I-35 South and conflicts with Valdez's testimony that the shed was located along I-10 West near the Dominion. Although Weeks contends the police report proves Valdez's confusion regarding the location of the shed, the State asserts that Officer Urdiales testified that he had assumed the offense took place along I-35 South since I-35 South is the route from Austin to San Antonio. In reviewing the factual sufficiency of the evidence, the trier of fact is the exclusive judge of the credibility of the witnesses and may choose to believe any parts of the witnesses' testimonies or other evidence presented. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). In this case, the jury could have chosen to believe Valdez's testimony that the shed was located somewhere along I-10 West past Loop 1604 before the Dominion subdivision instead of along I-35 South. *See Marshall v. State*, 210 S.W.3d at 625.

The evidence is factually sufficient to support the jury's finding that the offense occurred in Bexar County. Accordingly, we overrule Weeks's second appellate issue.

## COURT COSTS

In his third issue, Weeks contends the trial court erred in assessing court costs against him. Weeks contends he made a request for the jury to determine his punishment if the jury found him guilty. After finding Weeks guilty, the jury assessed punishment at "confinement in Bexar County Jail for one year" and "a fine of $4,000.00" According to Weeks, court costs were not part of the jury verdict, and as a result, the trial court erred in ordering him to pay court costs.

A trial court is statutorily authorized to order the payment of court costs. TEX. CODE CRIM. PROC. ANN art. 42.16 (Vernon 2006) (specifying that the judgment should adjudge the costs against the defendant); TEX. GOV'T CODE ANN. §§ 102.021-102.161 (Vernon Supp. 2008) (ordering a person convicted of an offense to pay court costs). An award of court costs is part of the punishment assessment and "must be orally pronounced in order to be properly included in the written judgment." *Weir v. State*, 252 S.W.3d 85, 89 (Tex. App.—Austin 2008, pet. granted). To preserve a claim that the trial court erred in its assessment of court costs, a defendant must make an objection to the assessment of court costs at trial. *Modica v. State*, 151 S.W.3d 716, 721-22 (Tex. App.—Beaumont 2004, pet. ref'd).

Here, the trial court orally assessed court costs during the punishment hearing; however, Weeks failed to object to the trial court's assessment of court costs during the punishment stage of trial. As a result, Weeks failed to preserve his claim regarding court costs for appeal. *See Id.* Even if Weeks had properly preserved this error, the trial court did not err in assessing court costs against Weeks pursuant to its statutory authority. *See* TEX. CODE CRIM. PROC. ANN art. 42.16 (Vernon

2006); TEX. GOV'T CODE ANN. §§ 102.021-102.161 (Vernon Supp. 2008). Weeks's third appellate issue is overruled.

## CONCLUSION

Based on the appellate record, we cannot say that Week's trial counsel rendered ineffective assistance of counsel. Additionally, the evidence is legally and factually sufficient to support that the offense in question occurred in Bexar County. Finally, the trial court was statutorily required to assess court costs against appellant. Accordingly, the judgment of the trial court is affirmed.

Rebecca Simmons, Justice

Do not publish