tion for rehearing and to reverse and remand the case. Section 334, Branch's Ann. P. C.; Garrold v. State, 11 Tex. App. 219; Jetton v. State, 17 Tex. App. 311; Freeman v. State, 75 S. W. 505; Bryant v. State (Tex. Cr. App.) 271 S. W. 610; Derrick v. State (Tex. Cr. App.) 272 S. W. 458.

Appellant's motion for rehearing is granted, and the judgment of the trial court is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

### HAM v. STATE.  (No. 9338.)

(Court of Criminal Appeals of Texas. Nov. 4, 1925. Rehearing Denied Dec. 2, 1925.)

1. **Intoxicating liquors ⬅➡236(7) — Accused's unexplained possession held to justify conviction.**

Accused's unexplained possession of intoxicating liquor *held* to justify conviction of possession for purposes of sale.

2. **Criminal law ⬅➡1091(11)—Bill of exceptions in question and answer form not considered.**

Bill of exceptions in question and answer form will not be considered.

3. **Criminal law ⬅➡650—Setting fire to intoxicating liquor by district attorney in jury's presence held not error.**

Action of district attorney in setting fire to some of intoxicating liquor found in accused's possession, in presence of jury, *held* not error.

4. **Criminal law ⬅➡488—Permitting witness to taste liquor and testify to its intoxicating qualities held not error.**

In prosecution for possession of intoxicating liquor for purpose of sale, permitting witness to taste liquor in presence of jury, and testify as to its intoxicating qualities, *held* not error.

Appeal from Criminal District Court, Travis County; James R. Hamilton, Judge.

John J. Ham was convicted of possessing intoxicating liquor for purposes of sale, and he appeals. Affirmed.

Jones & Martin, of Austin, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Travis county of possessing intoxicating liquor for the purpose of sale, and his punishment fixed at one year in the penitentiary.

[1] Officers arrested appellant and some companions in possession of a quantity of intoxicating liquor. No reasonable explanation is offered by the defense of any purpose in the possession of said liquor. The jury were justified in their conclusion that it was possessed for the purpose of sale.

[2-4] There are three bills of exception. Bill No. 3 is in question and answer form, and for that reason will not be considered. Bill No. 2 was taken to the action of the district attorney in pouring out some of the liquor found in possession of appellant, and setting fire to it in the presence of the jury. We perceive no error in this action. The remaining bill complains that a witness was permitted to taste the liquor in the presence of the jury and testify to its intoxicating qualities. There was no error in this.

Finding no error in the record, the judgment will be affirmed.