## J. C. LONG v. THE STATE.

No. 10257.   Delivered October 20, 1926.

Rehearing withdrawn December 15, 1926.

**1.—Murder — Bills of Exception — In Question and Answer Form — Not Considered.**

Under our statute, and the decisions of this court, covering a long period of time, bills of exception in question and answer form cannot be considered by this court.   Appellant's bills, Nos. 1, 4 and 5, being in question and answer form, cannot be considered.   Following Robbins v. State, 272 S. W. 175; Panyon v. State, 275 S. W. 1076; Ham v. State, 277 S. W. 653.

**2.—Same—Evidence—Properly Excluded.**

Where, on a trial for murder, there was no error in the refusal of the court to permit the appellant to show by the witness, Duncan, who held an inquest after the homicide, the testimony given at said inquest by the wife of the appellant.   Nothing appears in this record that would make the reproduction of her testimony at the inquest admissible.

**3.—Same—New Trial—Properly Refused.**

Where appellant moved the court to extend the terms of court to enable him to summon the jury on the hearing of his motion for new trial, to ascertain if any juror had contributed funds to pay the expenses of the sheriff in bringing appellant back from Chicago, the fact that such a fund had been raised being known to appellant before the trial, he should have ascertained such fact on his voir dire examination of the jury, and not to elicit same on his motion for a rehearing, and the motion was properly overruled.

### ON REHEARING.

**4.—Same—Rehearing Withdrawn.**

On a written request properly sworn to asking that his motion for a rehearing, filed in this Court on November 4, 1926, be withdrawn, the motion for rehearing is withdrawn.

Appeal from the District Court of Atascosa County.   Tried below before the Hon. Covey C. Thomas, Judge.

Appeal from a conviction of murder, penalty fifty years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Atascosa County for murder, and his punishment assessed at fifty years in the penitentiary.

The indictment charges the appellant with murdering G. A. Strickland on or about the 19th day of November, 1924, by

shooting him with a gun. Briefly stated, it was the contention of the state that the appellant shot deceased in the back without cause or provocation, while deceased was unarmed, and while the appellant's wife was admonishing him not to do so. The appellant defended upon the ground, and he and his wife testified to that effect, that he shot the deceased in the breast, from the front, and not in the back, and that at said time deceased, in an angry manner, was cursing and abusing appellant and his wife, threatening them and advancing rapidly toward them, at the same time making a demonstration as if to draw a pistol, and that he shot in defense of himself and wife.

The record discloses 9 bills of exception. Bills 1, 4 and 5 are in question and answer form, contrary to the statutes and decisions of this state, and therefore are unauthorized to consider same. Robbins v. State, 272 S. W. 175; Panyon v. State, 275 S. W. 1076; Ham v. State, 277 S. W. 653.

In bills of exception 6 and 7 complaint is made to the refusal of the court to permit the appellant to show by the witness, Duncan, who appears to have held an inquest after the homicide, the nature of the testimony given at said inquest by Mrs. Long, wife of the appellant. It is contended by counsel for appellant that he was entitled to introduce this testimony in order to sustain the witness, Mrs. Long, after the state had shown by Victor Marsh that the appellant requested him to go and tell his, appellant's, wife not to talk to anyone, or to allow anyone to talk to her, relative to the homicide. This bill shows that said Marsh did not communicate to the appellant's wife the statement made by the appellant to him. We fail to see any merit in this bill.

In bill 8 complaint is made to the action of the court in permitting the state to have the witness, Lott, testify to the wounds, and their location, found on the body of the deceased, because, it is contended, the state had not shown that the body was in the same condition that it was at the time of the homicide and no proof was made that no alteration or treatment of the body had been made after the wounds had been inflicted. This bill, as presented, shows no error and the objections go more to the weight than to the admissibility of the testimony.

Bill No. 9 complains of the refusal of the court to give in charge to the jury appellant's special charge No. 1 to the effect that in determining the issue of manslaughter the jury could take into consideration acts and declarations of the witness, John A. Hime. The said Hime was not present at the time of the homicide, and the record, as presented, fails, in our

opinion, to show any issue raised which would authorize such a charge to the jury.

Appellant complains because the court refused to extend the term and delay the trial beyond the last day of said term in order that he might have an opportunity to bring in the jury and interrogate them as to whether or not they contributed anything towards paying the sheriff's expenses in locating, arresting and bringing the appellant back from Chicago to Texas, it being the contention of the appellant that there was a combination of influential citizens in the county working against him and that same had resulted in his conviction, and that he desired to bring in said jurors to ascertain whether or not they would testify to having contributed to the fund referred to, and whether they were prejudiced against him. The record discloses that the jurors testified on their voir dire examination that they were not prejudiced against the appellant and could give him a fair trial. It is also disclosed by the record that the commissioner's court decided that they were unauthorized under the law to appropriate money to defray the expenses of the sheriff to Chicago out of the funds of the county and that the sheriff's friends circulated a petition and took a collection to reimburse him for said trip. This was openly done in the month of August, and this case was called for trial about the 18th day of the following December. It is also made to appear from the record that the trial began on the 18th day of December and was concluded about the 23rd day of December. It further appears that the motion for a new trial, and the motion to extend the term, were passed upon on the 2nd day of January, 1926. It is also shown that in selecting the jury it was developed on cross-examination of the venireman, Lavinis, by the appellant that said venireman had subscribed to the aforesaid fund. This record fails to show whether any of the jurors who were selected for the trial had been chosen at said time, and fails to show any effort upon the part of the appellant, then or thereafter until the time of filing said motions, to ascertain whether or not any member of the jury had contributed to said fund. When the appellant was put upon notice by said venireman that such subscription and fund existed and then failed to act, he waived his right to complain after the verdict was returned. It therefore follows that we are forced to conclude that the appellant did not use such diligence to obtain the testimony of said jurors as is required by law, nor has he shown that he suffered any injury by reason of the court's failure to grant his request to extend the term, and in the absence of such showing this court is bound

to presume that the trial judge did not abuse his discretion in overruling said request and in overruling appellant's motion for a new trial.

After a careful examination of the entire record, we fail to find any reversible error therein and are of the opinion that the judgement of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPLICATION TO WITHDRAW MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There is in the record a written and sworn request of the appellant to withdraw his motion for rehearing filed in this court November 4, 1926. The request is granted. The motion for rehearing is withdrawn.

*Rehearing withdrawn.*