## RAYMOND WRIGHT V. THE STATE.

No. 10470.    Delivered June 8, 1927.

Rehearing denied October 12, 1927.

### 1.—Embezzlement by Bailee—What Constitutes Bailee—Statute Construed.

Under Art. 1416, P. C. of 1911, a bookkeeper of a private corporation who is in charge of the company's funds, accepting cash, receiving remittances, and attending to bank deposits, and keeping the bank account, is a bailee, and the conversion by him of money so received constitutes embezzlement by bailee. See Reed v. State, 16 Tex. Crim. Rep. 386, and other cases cited.

### 2.—Same—Bills of Exception—In Question and Answer Form—Not Considered.

Where bills of exception are in question and answer form, and there is no certificate of the trial judge that such questions and answers are necessary to elucidate the fact, or question involved, this court is not authorized to consider such bills. See Art. 760, C. C. P.; Long v. State, 288 S. W. 1074, and authorities there cited.

### 3.—Same—Evidence—Properly Admitted.

Where appellant was on trial for the embezzlement of the sum of $1,000 there was no error in permitting the state to introduce in evidence a check received by him for his employer, in the sum of $3,500, it being shown that only the sum of $2,500 of this check was deposited by him, and the state relying upon circumstantial evidence for a conviction.

### 4.—Same—Evidence—Using Memoranda—Held Proper.

Where a witness on a trial for embezzlement was permitted to use a memoranda while testifying, it being shown that said memoranda was a portion of witnesses audit of the books of the company from whom money was alleged to have been embezzled by appellant, no error is shown.

### 5.—Same—Continued.

It has often been held by this court that a witness who knows that the copies of the original entries in the books are correct, may refresh his memory by any memoranda that he has made from said original books.

### 6.—Same—Confession of Accused—Properly Admitted in Evidence.

There was no error in permitting two witnesses to testify to statements made by appellant to them, which were in the nature of a confession, it not having been shown that appellant was under arrest at the time such statements were made.

### 7.—Same—Evidence—Ownership—Properly Admitted.

There was no error on a trial for embezzlement in permitting the state to prove orally by a witness that the name of the corporation was the Taylor Hardware Company. There is a distinction between proof of own-

ership in an embezzlement case and in a theft case. In theft the possession of the owner is disturbed, while in embezzlement the possession is in the accused. See Miller v. State, 242 S. W. 1040.

ON REHEARING.

**8.—Same—Bailee—Who Is.**

It has been held by this court that a sufficient definition of bailment in a case like this is "A delivery of personal property to another for some purposes, upon a contract, express or implied, that such purpose shall be carried out." Appellant's duties under his employment by the Taylor Hardware Company clearly brings him within this definition. See Fulcher v. State, and other cases cited in opinion on rehearing.

Appeal from the District Court of Williamson County. Tried below before the Hon. Cooper Sansom, Judge.

Appeal from a conviction for embezzlement by bailee, penalty two years in the penitentiary.

The opinion states the case.

*W. C. Wofford* of Taylor, and *Wilcox & Graves* of Georgetown, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of embezzlement by bailee, and his punishment assessed at two years in the penitentiary.

The state's testimony shows that appellant was the bookkeeper for the Taylor Hardware Company and was, as such bookkeeper, in charge of the entire funds, accepting cash on sales tickets, receiving remittances, and attending to bank deposits and keeping the bank account. He was charged with the duty of receiving the cash—the money which came into the office—and of making the deposits. In fact, he supervised the entire department. The Taylor Hardware Company was a corporation duly incorporated under the laws of the State of Texas. The state proved that on September 15, 1924, the Granger branch of the Taylor Hardware Company sent a check to the Taylor house for $3,750 on a Granger bank; that this check was entered on the books of the Taylor Hardware Company at $2,750 instead of $3,750, the remaining $1,000 being the amount the state contended was embezzled by appellant. The appellant offered no evidence in the trial of his case.

It will be noted that the offense with which the appellant was charged was committed on September 16, 1924, and was

denounced by the law as laid down in the statutes of 1911, Penal Code, Article 1416. The only difference between Article 1416 and the new article, No. 1534, Revised Statutes of 1925, Penal Code, is the addition of the word "employee" after the words "if any officer, agent, clerk."

The appellant earnestly contends, both in his oral argument and in an able brief filed with the record in this case, that in an employment such as his was in this instance, that is, as a bookkeeper with regularly recognized duties from day to day as a part of the routine of the business, with no especial or certain contract of bailment from day to day, or from transaction to transaction, there was not and could not be a contract of bailment, nor did appellant's dealings with such corporation represent either one or a series of contracts of bailment, but that he was the bookkeeper of said corporation and as such he was charged with certain duties, and his continuing employment represents a continuance of such duties from day to day, and at no time did appellant's duties branch off until they became a contract of bailment to safely keep or properly deposit moneys belonging to said corporation to such an extent that he could be said to have obtained moneys coming to him as such bookkeeper by virtue of a contract of bailment.

The contention of appellant is raised by his exceptions and objections to the court's charge and by specially requested charges which were refused by the court and also by a number of bills of exception.

We are unable to agree with the contention of appellant. The evidence in this case shows that a trust or fiduciary relation existed between the appellant and the Taylor Hardware Company in that he was acting in the capacity of bookkeeper for the company, and that it was his duty to receive all remittances, handle all cash and sales tickets, deposit all moneys received by him for said Taylor Hardware Company, and keep a correct bank account. Our statutes defining embezzlement include such bailments where the bailee has possession of the personal property for the benefit of the bailor and not where it is held for the benefit of the bailee. It has also been held by this court that where there is a trust or fiduciary relation existing between the parties the conversion by bailee constitutes embezzlement. The evidence in this case clearly shows such trust and fiduciary relation. Reed v. State, 16 Tex. Crim. Rep. 586; Malz v. State, 36 Tex. Crim. Rep. 447, 37 S. W. 748; Johnson v. State, 71 Tex. Crim. Rep. 206; Lee v. State, 81 Tex. Crim. Rep. 117, 193 S. W. 313.

Bills of exception Nos. 1, 2 and 4 are in question and answer form, and we find no certificate of the trial judge that such questions and answers are necessary in order to elucidate the fact or question involved. We are therefore not authorized to consider same. Art. 760, C. C. P.; Long v. State, 288 S. W. 1074, and authorities therein cited.

Bill of exception No. 3 complains that while the witness J. J. Brewster was testifying in behalf of the state, the State's Attorney offered in evidence a certain check for the sum of $3,750, executed by the Granger branch of the Taylor Hardware Company. We are not in accord with appellant's contention that said check was not admissible. The state relied for a conviction on circumstantial evidence, and, under the facts of this case, the check was a circumstance tending to show that appellant misapplied and appropriated to his own use the $1,000 alleged in the indictment to have been embezzled, since the facts show that on the 16th of September the Granger branch of the Taylor Hardware Company was credited with $2,750, and that there is no entry in the cash book journal from the 15th to the 18th of September, inclusive, showing that there is a credit to the Granger house of $3,750.

Bill of exception No. 5 complains that the witness C. H. Johnson was permitted to testify for the state from memoranda he had in his hands at such time (which memoranda he had previously stated was a portion of his audit and represented figures found on the books of the Taylor Hardware Company) to the effect that the cash journal showed that certain cash was on hand on September 1, 1924, that certain cash had been put in during said month of September, that certain cash had been withdrawn during the month of September, and that said cash account showed same to have been short in the sum of $1,000. Appellant's objection was that same was secondary evidence, and was a conclusion of the witness, and was testified to from memoranda two degrees removed from the record testified about and that the books were the best evidence of what they showed and that the witness was not entitled to use the memoranda made by himself except for the purpose of refreshing his memory. We are unable to agree with appellant's contention for the reason that it has often been held by this court that a witness who knows that the copies of the original entries in the books are correct may refresh his memory by any memoranda that he has made from said original books, and, furthermore, the appellant had the right to cross-examine the witness for the purpose of testing the correctness of his testimony given from

his memoranda, the books being present in the courtroom, to which appellant's counsel had access.

Bills of exception Nos. 6, 7 and 8 complain of statements made to the witnesses Roy Traweek and J. J. Brewster, which statements were in the nature of confessions or admissions of guilt. We see no error in the admission of this testimony, there being nothing in the record to show that appellant was under arrest at the time he made said statements, the rule being that any statement made by the appellant while not under arrest is admissible against him and not for him.

Bill of exception No. 9 complains that the learned trial judge permitted the witness J. J. Brewster to testify that the real name of the corporation was the "Taylor Hardware Company." The appellant objected to this evidence because the charter of the company was the best evidence and that the testimony of the witness was secondary in character. This court is not in accord with appellant's views as reflected in the bill. In theft cases "the possession is interfered with without the consent of the rightful possessor. In embezzlement cases, the possession is in the accused. His possession is rightful. It is his misuse of the property that is criminal." Miller v. State, 242 S. W. 1040. As we view it, the name of the owner of the property alleged to have been embezzled is descriptive of the offense and is set out in the indictment for the enlightenment of the defendant, and the proof of the name of the owner either by oral testimony, or by the introduction of the original charter, or a certified copy of the charter, could not in any way have injured the rights of appellant. The fact that the money alleged to have been embezzled by appellant was the property of the Taylor Hardware Company may be proved by the same kind of evidence necessary to prove ownership in a natural person. A different rule might apply if the existence of the corporation was an issue in the case. The existence of the Taylor Hardware Company as a corporation was not a real issue in the case, but was only collateral. It matters not whether it was a de facto or a de jure corporation. Proof of its corporate existence by oral testimony was not error.

The remaining bills of exception found in the record complain of the refusal of special charges. We have read the main charge and the special charge given by the learned trial judge and we find same ably protect the rights of the appellant. Furthermore, what we have said in disposing of appellant's exceptions and objections to the court's main charge also disposes of the

questions raised by the bills of exception complaining of the court's refusal to give said special charges.

Finding no errors in the record, and the evidence being sufficient to support the verdict of the jury, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing and oral argument appellant contends that there can be no embezzlement from a corporation by a bookkeeper; also that appellant was not a bailee in this case and there could not be a conviction under an indictment charging embezzlement by bailee.

We are unable to perceive any reason why one who is a bookkeeper should ipso facto be held immune from liability for embezzlement when charged in an indictment simply as a bailee, under that part of Art. 1534, P. C., which provides generally for the punishment of "any consignee or bailee of money or property," etc., who fraudulently embezzles or converts same.

This court in Fulcher v. State, 32 Tex. Crim. Rep. 624, seems to adopt as a sufficient definition of bailment in a case like this the following: "A delivery of personal property to another for some purpose, upon a contract, express or implied, that such purpose shall be carried out." See also Reed v. State, 16 Tex. Crim. App. 589. In Goodwyn v. State, 64 S. W. 251, we upheld a conviction based upon an implied contract resting upon facts of much less cogence than those in this record. We there said: "Clearly there was an implied obligation on his part to deliver the money to the county treasurer. Having failed to do so, and having converted the money to his own use and benefit, we think appellant has violated the statute under which he was convicted." In Collins v. State, 244 S. W. 153, we said, in substance, that the delivery and acceptance of money to be paid to another sufficiently constitutes the acceptor the bailee of the deliverer. This would be especially true if the acceptor owed a duty to the deliverer and had any character of employment under the latter in the course of which he was called upon to deal with the money or property of the deliverer. In the instant case the testimony shows that appellant was charged with the entire results in the office of the Taylor Hardware Company,

so far as handling the cash was concerned, was the manager of the office without any interference, attended entirely to the deposits in the bank, and kept the bank accounts, received the money that came into the office; received the remittances that came by mail; made entries in the books thereof, and made the bank deposits. We think this testimony fully showed that appellant was a bailee and embraced under the terms of said statute, and as such could be guilty of embezzlement of the funds which came into his hands by virtue of his said position.

It is also urged that if there was a sufficient implication of duty upon appellant to make him a bailee of the $3,750 check which came into his hands, that when he deposited said check to the credit of his employer corporation, he had met his duty and was free from liability. Without discussing this abstract question, we observe that there is an entire lack of any showing that appellant ever deposited said amount to such credit, but, according to our view, on the contrary the record shows that he only deposited $2,750 of said amount and kept the other $1,000. In his motion appellant states that the fact of such deposit by him is shown by the check itself, as exhibited in the statement of facts. Inspection of the check as same appears at the place indicated by appellant shows a check dated September 15, 1924, at Granger, for $3,750 payable to the Taylor Hardware Company or order, drawn on the First National Bank of Granger. On the reverse side of said check, made with a rubber stamp, appears the words "Pay to City National Bank, Taylor Texas, or order. The Taylor Hardware Company." In another place also rubber stamped is the inscription "Pay to the order of any bank, banker or Trust Company 88-185, September 16, 1924. Previous endorsements guaranteed. (Signed) City National Bank, Taylor, Texas." There was also on the reverse side of said check a perforation as follows: "Paid 9-18-24." We find nothing in any of these things upon either side of said check which has any bearing as showing that the entire $3,750 was deposited by appellant. The testimony in another place specifically sets out that a cash book journal then before the witness reflected the bank deposits made by the Taylor Hardware Company on the date in question, and that in same in the handwriting of appellant on September 16 there was an entry showing that the Granger branch of said hardware company was credited with $2,750, and cash was charged with $2,750 on the same date. This same witness also testified that he had before him a book showing the deposits in the bank of said hardware company on September 16, 1924, and that same

showed in the handwriting of appellant a deposit of $2,750 on said date. There is also the testimony of an auditor that the books of the Taylor Hardware Company showed a shortage at the close of business for September, 1924, of $1,000. Appellant introduced no testimony to combat or contradict any of the above.

We are unable to agree with any of the contentions made by appellant in his motion. We find nothing in the court's charge subject to any of the exceptions made.

No error appearing, the motion for rehearing will be overruled.

*Overruled.*