A. H. Collins v. The State.

No. 6642.   Decided June 21, 1922.

Rehearing Denied October 18, 1922.

#### 1.—Embezzlement—Information—Description—Bailee.

Where, upon trial of embezzlement, the information charged that the defendant was the bailee of certain money bailed to him by the party injured, of the value of $10, and which money was the property of the said party injured, and had come into the possession of and was under the care of the said defendant, by virtue of the said agency as bailee aforesaid, and the said defendant did then and there fraudulently, and without the consent of the said injured party, his principal, embezzle, misapply, and convert to his own use the said money against the peace and dignity of the State, the same was sufficient.   Following Dowdy v. State, 64 Texas Crim. Rep., 53, and other cases.

#### 2.—Same—Sufficiency of the Evidence.

Where upon trial of embezzlement by a bailee, the evidence was sufficient to support the conviction, there was no reversible error.

#### 3.—Same—Requested Charges—Circumstantial Evidence—Possession.

Where the court's charge on circumstantial evidence was full and in accord with approved precedent, there was no reversible error, and it was not necessary to have charged the jury that the possession and holding of the defendant of said $10, must have been wholly and exclusively for the benefit of the injured party.

#### 4.—Same—Rehearing—Identification—Sufficiency of Evidence.

Where appellant in his motion for rehearing insisted that tested by the rule governing circumstantial evidence the facts do not identify the $10, which appellant received from his principal, as a part of the money for which he failed to account, etc., held, that the evidence is sufficient to establish the essential facts and the motion for rehearing should be overruled.   Morrow, Presiding Judge, dissenting.

Appeal from the County Court of Smith.   Tried below before the Honorable D. R. Pendleton.

Appeal from a conviction of embezzlement; penalty, a fine of $10, and one hundred days in jail.

The opinion states the case.

*W. H. Hanson,* and *Butler, Price & Maynor,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Smith County of embezzlement of $10 in money, and his punishment fixed at 100 days in jail.

The charging part of the information is as follows:

"On or about the 1st day of November, A. D. 1920, and anterior to the filing of this information in the County of Smith and State of Texas, one A. H. Collins was the bailee of certain money bailed to him by E. A. Brown, to-wit: Ten dollars in money, of the value of ten dollars and which said money was the property of E. A. Brown, and had come into the possession of and was under the care of the said A. H Collins by virtue of his said agency as bailee, aforesaid, and the said A. H. Collins did then and there fraudulently, without the consent of the said E. A. Brown, his principal, embezzle, misapply and convert to his own use the said money, against the peace and dignity of the State."

We have upheld indictments of this same form. The description of appellant as bailee, is sufficient. Dowdy v. State, 64 S. W. Rep., 253; Goodwyn v. State, 64 S. W. Rep., 251. The description of the property embezzled as ten dollars in money, is sufficient. Taylor v. State, 29 Texas Crim. App., 499; Hamer v. State, 60 Texas Crim. Rep., 341. Delivery and acceptance of money to be paid to another for the benefit of the deliverer, sufficiently shows, first, the agency of the acceptor, appellant in this instance; second, receipt of the money of the deliverer, Brown in this instance; third, receipt of same in the course and by virtue of such agency. The facts in the instant case, which are admitted by appellant as well as proven by the State, establish the above propositions. A number of the members of the K. of P. Lodge in Tyler desired to organize a lodge of a side degree of said order, and in pursuance thereof proceeded to circulate applications for membership, purposing if a sufficient number was obtained to organize a Temple of the D. O. K. K., familiarly known as the Dokeys. Appellant was one of the men endeavoring to organize said lodge and seems to have been the collector of the advance payments from the proposed candidates. One E. A. Brown paid to appellant $10, claiming that the latter was to pay it back to Brown if a lodge or temple of said order was not organized, and if same was organized the money was to be paid over to the proper person connected with said order. The $10, was paid to appellant about November 1, 1920. Others also paid money to him for the same purpose, he testifying as a witness in his own behalf that some thirty or more parties had paid to him $10 each prior to January 19, 1921. Not succeeding in getting enough members to organize a separate lodge, the parties interested decided to become members of a lodge of said order in Dallas, and for that purpose invited the degree team

of the Dallas lodge to come to Tyler and perform the ceremony of initiation. The date fixed for said initiation was April 2, 1921. About thirty days before said initiation the matter of what should be done in the premises was up for discussion quite freely among the men interested. A letter had been written by some one connected with the Dallas lodge offering to come and confer the degree but wanting the money collected, to be forwarded to them at Dallas before they came down to Tyler. This matter was publicly discussed in the meeting of the K. P. Lodge of Tyler, and was privately discussed between members on the street. During these discussions it is shown by the State that appellant frequently stated that he had in his possession at that time as much as $400 of the money which he had collected from the various persons desiring to become members in the Dokeys; it being stated by him that he had said money in the bank, and that it would be forthcoming whenever it was needed. A number of witnesses testified to statements of appellant regarding this matter, all being substantially the same. It was shown that there were two banks in Tyler, and that appellant had no account at one of same. The proper official of the other bank testified, identifying and certifying to the correctness of a copy of appellant's account in said bank from October 1, 1920 to April 2, 1921. Said account showed a check drawn by appellant for $53 on January 19, 1921. Testifying regarding this check appellant said that it represented all of the money belonging to the Dokeys which he had in the bank on said date, and that he had collected at that time $10 each from some thirty or more applicants for membership. He stated that he had the balance of the money at home at said time and that he drew said $53 from the bank to prevent same being caught by garnishment upon a judgment obtained against him in the justice court. On February 1st it was shown that appellant deposited $102, and that from that time until April 1st his account was being gradually diminished by various small checks against it. On March 12th his balance in said bank was $3.01, and on March 26th it was $43. On March 31st it was $36.01. On April 1st appellant deposited $160, and on April 2nd gave a check against this account for $195. Testifying regarding these matters appellant said that after he drew said $53 of the Dokeys money from the bank on January 19th to prevent its being caught by said garnishment, he carried $50 of it in his pocket until April 1st, and that he then re-deposited it in the bank with other moneys, making up the $160 deposit shown to have been made on that date. He admitted making a deposit on February 1st, February 16th, March 19th, and March 26th, and said that in each of said deposits was some of the Dokeys money, but that he kept in his pocket the money drawn out by him on January 19th.

On the morning of April 2nd the degree team came from Dallas to confer the initiation. Officers of said team received from appellant the applications and about $350 in money and checks, and proceeded to

check up the amount received against the applications marked paid. Three of said officers testified and stated in substance that after making said check they discovered and so informed appellant, that he was short something over $400. Appellant left, stating that he would go home and get the money. He returned later and said that he did not have the money, and that they would have to take a note or a bond. He paid to them $40 in the afternoon, this seeming to be money that he had just received. He seems to have executed a note to some one, the record not disclosing to whom, for the amount of the shortage.

Appellant testified that after he was told by said officers that he was short, he went home to get the balance of the money collected by him, which he claimed to have been accumulating there, saying that he had kept it in a little sack with his Dokey cap. He testified that he did not know the exact amount of said money but thought it was approximately $400, and that he put it in his pocket and started back toward the K. P. hall, stopping on the way at a restaurant to procure lunch, and that later he discovered that the money was gone, having been either lost or stolen. He introduced a number of witnesses who testified that he stated to them on that day that he had lost said money. His wife and daughters corroborate him in the fact that he had quite a sum of money at his home which he kept in a little bag with his Dokey cap. Appellant testified in his own behalf that the $10 received by him from Brown was deposited in the bank and remained in the bank, and was drawn out by him as a part of the $53 check on January 19, 1921. He further swore that said $10 of Brown remained in his pocket as a part of the money so checked out, until April 1st and was re-deposited by him in said bank in the $160 deposit mentioned, and was paid by him to the proper officer of the Dallas Dokey team.

It being shown that appellant was the bailee of E. A. Brown, and that the money of the latter came into appellant's possession by virtue of his agency as such bailee, there remained but the question of whether the proof was sufficient to show his fraudulent conversion. thereof. We have set out the substance of the testimony. The sufficiency of same was primarily for the jury. The charge of the trial court as amplified by a number of special charges given at the request of appellant, seems to us exceedingly full and fair. After the main charge was given, the court instructed the jury in various special charges that the burden was on the State to establish every constituent element of the offense; that the jury must find beyond a reasonable doubt that at the time alleged in the information, appellant was the agent of E. A. Brown, and that it was his duty to receive the said $10; that if they had a reasonable doubt as to whether the appellant paid said $10 to the proper officer of the Dallas Dokeys, appellant must be acquitted, even though the jury believe he did in fact appropriate other moneys collected by him; that if the jury believed

that appellant collected said $10 and was holding the same as the agent of the Dallas lodge, or of any other person than Brown, they should acquit; that if the jury found from the evidence or had a reasonable doubt, that the $10 charged to have been embezzled, was lost by appellant or stolen from him, then they should acquit; that the State must prove to the satisfaction of the jury beyond a reasonable doubt that appellant did not pay to the proper officer of the Dallas lodge the $10 collected from Brown, and if they had a reasonable doubt thereof they should acquit him. We are unable to see how the issues raised by appellant and claimed by him to establish his defense, could have been more pertinently and fairly submitted. The jury found against appellant, and we are unable to conclude that their finding was without support in the evidence. The bank account of appellant introduced in evidence showed the collection and deposit by him during the six months from October to April of between $1400 and $1500, exclusive of a $300 item shown to have been borrowed and paid out for the purchase of some real estate. Appellant's salary during this time was $150 per month, or a total of $900 for the period mentioned. This would appear to leave a balance of between $500 and $600 so deposited and checked out by appellant, as unaccounted for. It appears in this record that about thirty-eight or thirty-nine members were initiated in the Dokeys on February 2nd. The initiation fee was $25. The total initiation fees would be around $950 or $975. Appellant seems to have paid on April 2nd to the officers of the Dokeys, a total of about $390. It was not shown what any of the various checks given by appellant on said account were used for save that he claimed to have drawn $53 out of the bank on January 19th, which he redeposited on April 1st and checked out on April 2nd to the Dokeys, and that on January 19th he drew another check for $27 to Mr. Forrest at Dallas. It is quite possible that all of the money deposited by appellant could be shown, by him to have been checked out fairly and honestly, and that the source from which the money came could have been shown to be of the same kind. It was a case of circumstantial evidence and the jury were entitled to look to all of the facts and circumstances in evidence, to weigh the same and therefrom determine whether appellant had fraudulently converted said $10. His frequent statements that he had the money on deposit in the bank, his own testimony that he only had $53 of the Dokeys money in the bank prior to February 3rd, that notwithstanding he had collected from more than thirty men $10 each prior to January 19th, that he had only deposited $53 of it in the bank and had the remainder at home, the failure to explain how he could have the exact amount of $53 belonging to the applicants for membership, in the bank, when he had collected from no man any $3,—the frequency with which his bank account was permitted during the time of his collection of these moneys, to run down to a small amount, coupled with many other facts in evidence which we have not taken pains to enumerate,

would seem to justify us in holding the verdict to have support in the evidence.

We do not think the trial court committed any error in refusing special charges which appear in the record. The court's charge on circumstantial evidence seems full and in accord with approved holdings of this court. We do not think it necessary to have charged the jury that the possession and holding of appellant of said $10 must have been wholly and exclusively for the benefit of Brown. The authorities referred to by appellant in his brief in support of this contention seem to be authorities discussing the offense of theft by bailee, which is different from the one charged in the instant case. Nor do we think it necessary in order to constitute appellant the bailee of Mr. Brown, that the obligation upon him be to return to Brown or to anyone else the identical money received by him from Brown. It was in testimony by a number of witnesses that there was no understanding as to the place or the manner or form of appellant keeping the money that was paid to him by the various parties intending to become members of the order. The only obligation upon appellant was to pay to the proper authority if the lodge was organized, $10 for Brown, or to return same to Brown in the failure of such contingency.

We find no serious ground for complaint at the argument of the prosecuting attorney, as the bill of exceptions is qualified by the trial court.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### October 18, 1922.

MORROW, Presiding Judge (dissenting).—Appellant insists that tested by the rules governing circumstantial evidence the facts do not identify the ten dollars which appellant received from E. A. Brown as a part of the money for which he failed to account, and it being conceded that his conviction rests upon the appropriation of the particular ten dollars mentioned, a reversal should result. In the opinion of the writer, this view should prevail. The other members of the court, however, maintain that the evidence is sufficient to establish this essential fact and that the motion should be overruled. It is so ordered.

*Overruled.*