WAYNE SEAY v. STATE

No. 33,237. April 5, 1961
Motion for Rehearing Overruled January 17, 1962
Second Motion for Rehearing Overruled May 16, 1962

O'Brien Stevens, Houston, *Pat C. Beadle,* Clarksville, *A. R. Schwartz,* Galveston, and *Cofer & Cofer,* by *Hume Cofer,* Austin, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Gus J. Zgourides,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is embezzlement; the punishment, 2 years.

The witness Kainer testified that he entered into a stock subscription agreement with the Southern Enterprise Corporation through negotiations with appellant, its president, and that some time later he sent his check payable to the corporation in the sum of $4950.00 to the home office in satisfaction of such agreement, and the stock was issued to him. The check was endorsed by a stamp showing the corporation's name and by the signature of appellant; the proceeds were deposited to appellant's personal account, and the corporation received none of the same.

The above facts seem to be undisputed. It was appellant's defense that his trade with Kainer was a personal one and not as a representative of the corporation, that he instructed the officers and employees of the corporation to debit his stock account and transfer a portion of his personal stock to Kainer but that they evidently failed to do as directed. A former officer of the corporation and a former employee corroborated his testimony in this regard. His claim was that when he deposited Kainer's check to his personal account he was not guilty of embezzling funds belonging to the corporation, as alleged in the indictment, but was merely consummating a private transaction.

The records of the corporation, which were at the time of the

trial in custody of the Federal court in a bankruptcy proceedings, indicated that no transfer of personal stock from appellant to Kainer had been made, and the jury were authorized in rejecting appellant's defense. We find the evidence sufficient to support the conviction and shall discuss the many questions raised by brief and in argument.

We overrule appellant's contention that his act of appropriation is the subject of civil litigation but not punishable as a crime, as well as his contention that there was a variance between the indictment and the proof. The indictment charged him with embezzling $4950.00 in money. The proof showed that he deposited the check to his personal account and thereafter withdrew a substantial portion of such sum. Reliance is had upon Moore v. State, 225 S.W. 261, wherein this Court held that embezzlement had not been shown because the proof failed to show that the accused sold any of the goods entrusted to him. Appellant in the case at bar admitted that he deposited the check which was payable to the corporation to his own personal account, which is sufficient, and Moore is not here controlling.

Appellant next contends that the indictment is defective because it fails to allege the value of the $4950.00 and fails to allege that the "in money" was money of the United States of America. The rule announced by the Court of Appeals in Reside v. State, 10 Ct. of App. Rep. 675, relied upon by appellant, has long since been discarded by this Court, as will be seen by an examination of the holdings of this Court in Dowdy v. State, 64 S.W. 253; Hamer v. State, 60 Texas Cr. Rep. 341, 131 S.W. 813; Wray v. State, 89 Texas Cr. Rep. 632, 232 S.W. 808; Collins v. State, 92 Texas Cr. Rep. 388, 244 S.W. 153; Hunter v. State, 45 S.W. 2d 969; Patrick v. State, 164 Texas Cr. Rep. 467, 299 S.W. 2d 302; and 5 Branch's Ann. P. C., 2nd Ed., Sec. 2823, p. 332.

Appellant objected to the charge as given and made several requested charges relating to appellant's defense that he had the right to appropriate the proceeds of the check to his own use. We have examined the charge carefully and have concluded that it fully submits his defensive theory when it instructed the jury to acquit if they found that appellant acted under a claim of right and in good faith and believed that the money belonged to him. We have been cited no authority, and know of none, which holds that the giving of the converse of the above charge constitutes error.

Objection was made to the introduction of the stock subscrip-

tion agreement and the stock certificate because there was no proof that the corporation had been granted permission to issue such stock. A very similar contention was before this Court in McCue v. State, 124 Texas Cr. Rep. 624, 65 S.W. 2d 314, where a bond salesman was charged with embezzling the fruits of his sales and the court refused to permit the accused to prove that his company had no authority to sell bonds in Texas. Judge Christian, in speaking for the Court, said:

"* * * the fact that the owner of the money or property embezzled obtained it illegally does not constitute a defense to an indictment against one who embezzles it from such owner

* * * ."

Appellant objected to the introduction of the check on the grounds that it bore the notation, "Int. $450.00," while the check set forth in the indictment did not contain such notation. We deem it sufficient to observe that Kainer testified that *after* his check cleared the bank he placed such notation thereon as income tax information, and to call attention to the holding of this Court in Brown v. State, 368 Texas Cr. Rep. 112, 324 S.W. 2d 15, and the cases there cited.

Appellant's last complaint relates to the testimony of two certified public accountants wherein they stated that they had examined the books and records of the corporation and were unable to find any evidence that the corporation had received the $4950.00 in question or had received any consideration for the issuance of the stock to Kainer. The grounds of the objection were that the books were not properly identified as the records of the corporation. The witness Lawther testified that he was employed by the corporation to make an audit of their books before the return of this indictment and that shortly prior to the trial he had again examined the records which were then in the possession of the witness Green. Green testified that the books came into his possession by virtue of an order of the Federal District Court, and such order is a part of this record. We have concluded that this constitutes ample proof of the authenticity of the records. In addition, appellant questioned his witnesses concerning entries found therein and thus admitted their authenticity.

Finding no reversible error, the judgment of the trial court is affirmed.

Woodley, P. J., absent.

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing, appellant strenuously insists that the court's charge was erroneous because it did not instruct the jury, as requested by appellant, that the gist of the offense of embezzlement is the fraudulent intent and that before they could convict appellant they must find that the embezzlement, misapplication or conversion of the money, if any, by appellant was done with such an intent.

The court defined the offense of embezzlement in the terms of Art. 1534, V.A.P.C., and further instructed the jury that to constitute the offense of embezzlement it is necessary that there be the following:

"(1) the defendant's agency whereby he was charged with the duty of receiving the property.

"(2) the receipt of the property by the defendant.

"(3) that the defendant received the property by virtue of his agency.

"(4) the fraudulent conversion or misapplication of the property by the defendant."

Such four enumerated requirements are the essential elements of the offense of embezzlement. 21 Texas Jur. 2d, par. 25, p. 613-614; Fellers v. State, 138 Texas Cr. Rep. 307, 136 S.W. 2d 217.

In applying the law to the facts, the court required the jury to find among other things, before convicting appellant, that appellant did *fraudulently embezzle, misapply and convert* to his own use the money belonging to the Southern Enterprise Corporation.

It is held that it is not necessary for the court to explain to the jury the meaning of the terms "embezzlement" and "fraudulent misapplication" as their meanings are well understood. 22 Texas Jur. 2d, par. 138, p. 30; Jackson v. State, 44 Texas Cr. Rep. 259, 70 S.W. 760.

Under the court's charge the jury was required to find, before convicting appellant, the four essential elements of the offense

of embezzlement and to specifically find that he did fraudulently embezzle, misapply and convert to his own use, the money belonging to the Southern Enterprise Corporation.

While, in order to constitute the offense of embezzlement, the appropriation or conversion must be perpetrated with a fraudulent intent the court's failure to give appellant's requested instruction, relative to said intent, does not present reversible error.

Appellant further insists that the court's charge was erroneous because it did not affirmatively submit to the jury as requested by him, his defensive theory that he was selling his own stock.

Three requested charges were presented by appellant to the court and were refused, which would have instructed the jury in substance to acquit appellant if they believed or had a reasonable doubt thereof that at the time appellant received and deposited the check from Kainer, he intended to sell and transfer his stock in the corporation to Kainer.

In submitting appellant's defense to the jury the court instructed the jury as follows:

"You are further instructed as a part of law of this case that if you believe, or have a reasonable doubt thereof that the defendant, WAYNE SEAY, acted under a claim of right and in good faith and believed that the money alleged in the indictment to have been embezzled, misapplied and converted, if it was embezzled, misapplied and converted *belonged to him* the said WAYNE SEAY, then you shall acquit him and say by your verdict 'not guilty'.

"However, if you believe from the evidence beyond a reasonable doubt that the defendant, WAYNE SEAY, did not act under a claim of right and did not act in good faith and did not believe that the money alleged in the indictment to have been embezzled, misapplied and converted, if it was embezzled, misapplied and converted, belonged to him the said WAYNE SEAY, then you will find against the defendant on this issue."

We remain convinced that the charge as given by the court, was sufficient to submit appellant's defensive theory to the jury that he was selling his own stock in the corporation.

Nor do we agree that the court's action in giving the converse

of the defensive charge constituted a comment upon the weight of the evidence and was error. Walker v. State, 52 Texas Cr. Rep. 293, 106 S.W. 376.

Remaining convinced that the case was properly disposed of in our opinion on original submission, the motion for rehearing is overruled.

Opinion approved by the Court.