**Curtis R. VOELKEL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46794.**

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

George J. Parnham, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Sam Robertson, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of embezzlement. Punishment was assessed by a jury at four years.

The record reflects that appellant was employed for some twenty-four years as an accountant at the Rein Company in Houston. In addition to his employment as an accountant, he was also the treasurer of the Rein Company Employees' Credit Union for approximately seven years.

Joseph Kamerling, a certified public accountant who had audited the credit union's books, testified that approximately $190,592.65 was embezzled from the credit union between 1962 and 1970. Proof of the embezzlements was introduced into evidence by the state through the use of approximately 352 exhibits.

The evidence shows that on January 23, 1970, appellant wrote a check on the Rein Employees Credit Union bank account in the sum of $650.00. This check was made payable to the Heights State Bank and appellant deposited it in his personal account in said bank. Appellant's bank records were introduced into evidence. These records show the expenditure of funds from his personal bank account to his own use and benefit. The bank account of the credit union reflects that a $650.00 debit entry was made to "loans" but that the $650.00 did not show up on the share and loan balance of any person.

Appellant testified that the transaction in question, along with the other transactions the state introduced, were authorized loans and that he had completed a loan application for each of the withdrawals. He also testified that he didn't know where the share and loan ledger was and that he had no intent to embezzle the money.

Appellant contends that the indictment in this cause is fatally defective because it fails to describe with sufficient particularity the offense he allegedly committed. We disagree and accordingly overrule this contention for the reasons set forth herein.

The indictment alleged in part:

" . . . *that Curtis R. Voelkel on or about the 23rd day of January, A.D. 1970,* in said County and State, was then and there the agent and employee of M. H. Russell and the said Curtis R. Voelkel *did then and there unlawfully and fraudulently embezzle, misapply and convert to his own use,* without the consent of the said M. H. Russell certain property, the same then and there being the corporeal personal property of and belonging to the said M. H. Russell *to wit, money of the value of over Fifty Dollars,* and which said property had theretofore come into the possession of and was then and there under the care of the said Curtis R. Voelkel by virtue of his said employment as agent and employee as aforesaid." (Emphasis supplied.)

As the reader can observe, the indictment bears a striking similarity with the one set out in Willson's Criminal Forms Ann., 7th Ed., Section 2141, at pp. 487–488; see also 5 Branch's Ann.P.C.2d, Section 2793, at p. 304.

Article 21.11, Vernon's Ann.C.C.P., provides in part:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment . . ."

The rule is that an offense should be charged in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon

to defend against and to enable him to plead the judgment that may be given on it in bar of any further prosecution for the same offense. Moore v. State, 473 S.W.2d 523 (Tex.Cr.App.1971). It is the intent of Article I, Section 10, of the Texas Constitution, Vernon's Ann.St., that the accused in a particular case be given information upon which he may prepare his defense and this information must come from the face of the indictment. Terry v. State, 471 S.W.2d 848 (Tex.Cr.App.1971); Baker v. State, 123 Tex.Cr.R. 209, 58 S.W.2d 534 (1933).

The indictment in question was sufficient to charge appellant with knowledge of the fact that he was going to be called on to defend against a crime of embezzlement of money over the amount of $50.00 from M. H. Russell on or about January 23, 1970. See Seay v. State, 172 Tex.Cr.R. 332, 356 S.W.2d 681 (1962); Wray v. State, 89 Tex.Cr.R. 632, 232 S.W. 808 (1921).

Appellant's final ground of error asserts that the trial court committed reversible error in allowing the state to introduce evidence and elicit testimony "concerning extraneous offenses occurring as far back as 1962." In his brief, he contends the 1962 transactions are too remote to show intent, citing Robledo v. State, 480 S.W.2d 401. Nowhere in this voluminous record, consisting of over 2,000 pages, does appellant make reference by objection or otherwise to this contention. Article 40.09 Sec. 9, V.A.C.C.P., provides that a defendant's grounds of error in his brief shall briefly refer to that part of the ruling of the trial court, etc., which is designated to be complained of, in such a way that the point of objection can be clearly identified and understood by this court. Since this ground of error is not in compliance with this statute, nothing is presented for review. See Jones v. State, 470 S.W.2d 874 (Tex. Cr.App.1971). Nevertheless, the record in its entirety has been reviewed and we will discuss this contention.

Although 1962 transactions, standing alone, would be too remote to show intent in the 1970 embezzlement alleged in the indictment, such is not the situation here. The state introduced some 352 exhibits and checks showing a continuous series of extraneous transactions. The fact that this series is continuous destroys appellant's argument that the first link in the unbroken chain is too remote to show intent.

There being no reversible error, the judgment is affirmed.