ACCEPTED
05-14-00192-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
1/12/2015 3:19:56 PM
LISA MATZ
CLERK

*The State requests oral argument only if Appellant Argues.*

No. 05-14-00192-CR

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
1/12/2015 3:19:56 PM
LISA MATZ
Clerk

# IN THE COURT OF APPEALS
# FOR THE FIFTH DISTRICT OF TEXAS
# AT DALLAS

## RITO DUENAS,
## APPELLANT

vs.

## THE STATE OF TEXAS,
## APPELLEE

*On appeal from the Criminal District Court No. 7 of Dallas County, Texas*
*In Cause No. F13-54251*

## STATE'S BRIEF

SUSAN HAWK
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

*Counsel of Record:*
LAURA ANNE COATS
ASSISTANT DISTRICT ATTORNEY
STATE BAR NO. 00790476
FRANK CROWLEY COURTS BUILDING
133 N. RIVERFRONT BOULEVARD,
LB-19
DALLAS, TEXAS 75207-4399
(214) 653-3625
(214) 653-3643 *fax*
LAURA.COATS@dallascounty.org

*Attorneys for the State of Texas*

# TABLE OF CONTENTS

STATE'S BRIEF .................................................................................................... i

TABLE OF CONTENTS ...................................................................................... ii

INDEX OF AUTHORITIES ................................................................................ iii

STATEMENT OF THE CASE ...............................................................................1

STATEMENT OF FACTS .....................................................................................1

SUMMARY OF ARGUMENT ...............................................................................4

ARGUMENT ...........................................................................................................4

RESPONSE TO APPELLANT'S FIRST ISSUE....................................................4

RESPONSE TO APPELLANT'S SECOND ISSUE.................................................9

RESPONSE TO APPELLANT'S THIRD ISSUE ..................................................12

RESPONSE TO APPELLANT'S FOURTH ISSUE...............................................14

PRAYER.................................................................................................................19

CERTIFICATE OF SERVICE...............................................................................19

CERTIFICATE OF WORD COMPLIANCE ........................................................20

# INDEX OF AUTHORITIES

**Federal Cases**

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ........9, 10

*Lockhart v. Nelson*, 488 U.S. 33 (1988) ...................................................................9

**State Cases**

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)(op. on reh'g) ...... 14, 15

*Bazanes v. State*, 310 S.W.3d 32 (Tex. App.—Fort Worth 2010, pet. ref'd)..........11

*Bell v. Texas Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156 (Tex. App. – Houston [14th Dist.] 1998, no pet)............................................................5

*Bourque v. State*, 156 S.W.3d 675 (Tex. App.—Dallas 2005, pet. ref'd) ...............13

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) ........................................9

*Chen v. State*, 410 S.W.3d 394 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd)...7

*Couchman v. State*, 3 S.W.3d 155 (Tex. App.—Fort Worth 1999, pet. ref'd)........11

*Eastep v. State*, 941 S.W.2d 130 (Tex. Crim. App. 1997), *overruled on other grounds by Reney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000) .................7, 8

*Goines v. State*, No. 05-06-00441-CR, 2006 Tex. App. LEXIS 10166 (Tex. App.— Dallas Nov. 28 2006, no pet.) (not designated for publication)..........................15

*Hubert v. State*, No. 05-12-01084-CR, 2014 Tex. App. LEXIS 2467, 32 (Tex. App.—Dallas Mar. 4, 2014)(not designated for publication) ..............................17

*Hutch v. State*, 922 S.W.2d 166 (Tex. Crim. App. 1996)........................................17

*Johnson v. State*, 967 S.W.2d 410 (Tex. Crim. App. 1998) ......................................9

*Lemasurier v. State*, 91 S.W.3d 987 (Tex. App.—Fort Worth 2002, pet. ref'd).....14

*Luquis v. State*, 72 S.W.3d 355 (Tex. Crim. App. 2002)........................... 15, 16, 18

*Marroquin v. State*, 746 S.W.2d 747 (Tex. Crim. App. 1988)..................................9

*Michell v. State*, 381 S.W.3d 554 (Tex. App.—Eastland 2012, no pet.)...................8

*Reyna v. State*, 168 S.W.3d 173 (Tex. Crim. App. 2005)......................................12

*Russell v. State*, 341 S.W.3d 526 (Tex. App.—Fort Worth 2011, no pet.) .............12

*Saunders v. State*, 817 S.W.2d 688 (Tex. Crim. App. 1991)..................................15

*Shavers v. State*, 985 S.W.2d 284 (Tex. App.—Beaumont 1999, pet. ref'd)..........17

*Smith v. State*, 721 S.W.2d 844 (Tex. Crim. App. 1986) .......................................12

*State v. Mercado*, 972 S.W.2d 75 (Tex. Crim. App. 1998) .....................................13

*Stuhler v. State*, 218 S.W.3d 706 (Tex. Crim. App. 2007) .....................................17

*Taylor v. State*, 106 S.W.3d 827 (Tex. App. – Dallas 2003, no pet).......................10

*Trevino v. State*, 174 S.W.3d 925 (Tex. App.—Corpus Christi 2005, pet. ref'd)...12

*Voelkel v. State*, 501 S.W.2d 313 (Tex. Crim. App. 1973)......................................7

*Wilkins v. State*, 05-12-00333-CR, 2013 Tex. App. LEXIS 8512 (Tex. App.—
Dallas July 10, 2013, no pet.) (not designated for publication). ..........................12

*Young v. State*, 283 S.W.3d 854 (Tex. Crim. App. 2009), *cert. denied*, 130 S.Ct.
1015 (2009) .......................................................................................................10

**State Statutes**

Tex. Code Crim. Proc. Ann. art. 28.11 (West 2006) ................................................7

Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2013) ........................16

Tex. Code. Crim. Proc. Ann. art. 28.10 (West 2006) ...............................................7

Tex. Const. art. I, § 10...............................................................................................7

Tex. Gov't Code § 24.024 (West 2012)...................................................................13

Tex. Gov't Code § 508.145 (West Supp. 2014) ......................................................16

Tex. Penal Code Ann. § 12.33 (West 2011) ...........................................................17

Tex. Penal Code Ann. § 21.02(c)(2) (West Supp. 2013)............................................8

Tex. Penal Code Ann. § 21.11 (a)(1) (West 2011)..................................................10

Tex. Penal Code Ann. § 21.11 (c)(1) (West 2011)..................................................10

**State Rules**

Tex. R. App. P. 33.1 (a)(1) ...............................................................................12

Tex. R. App. P. 38(h)........................................................................................5

TO THE HONORABLE COURT OF APPEALS:

The State of Texas submits this brief in reply to the brief of appellant, Rito Duenas.

## STATEMENT OF THE CASE

Appellant pled not guilty, and a jury convicted him of indecency with a child. (CR: 49). The jury set punishment at eight years' imprisonment. (CR: 51).

## STATEMENT OF FACTS

Complainant C.H. lived with her grandmother, father, step-mother, and five younger siblings. (RR6: 19-20). Appellant, C.H.'s grandmother's brother, traveled regularly between Mexico and Dallas and would stay with the family when he was in town. (RR6: 65-66, 112-14). The children thought appellant was really fun. (RR6: 25). He would bring them presents when he came into town, would take them to McDonald's and Chuck E Cheese, and played board games with them. (RR6: 25).

When C.H. was in the second grade, appellant began to touch her sexually. (RR6: 30). On one occasion, C.H. was playing with her siblings when appellant called her into another room and gave her a coloring book and crayons. (RR6: 30). Her step-sister K.P. came into the room where appellant and C.H. were coloring a picture together and asked C.H. to come back and play with the rest of them. (RR6: 30). C.H. refused, wanting to stay and finish coloring the picture with

1

appellant. (RR6: 30). After K.P. left the room, appellant separated C.H.'s legs, and slid his hand down between her legs, and touched her on her "chocho" over her clothes. (RR6: 31). Appellant rubbed her "chocho" with his hand. (RR6: 31). C.H. used the word "chocho" to name her sexual organ. (RR6: 28). At first the rubbing tickled and then it made C.H. feel uncomfortable so she rejoined K.P. and her other siblings. (RR6: 31, 33).

Incidents of similar touching continued until the spring break when C.H. was in the fourth grade. (RR6: 34). It happened more than ten times when she was still in second grade. (RR6: 38). Appellant would tell C.H. not to tell anyone about what he was doing and, after he touched her, he would give her money. (RR6: 39). Appellant would touch his own "chochito" while he was touching her. (RR6: 70).

C.H. finally told her step-sister K.P., who was a year younger than her, about appellant touching her. (RR6: 20-21, 39-40, 58). K.P. told her that what appellant was doing was bad and came up with a plan of hiding the money appellant would give C.H. in a jar until they could find a way to tell one of their parents. (RR6: 39-40). K.P. protected C.H. from appellant and would not leave them alone together. (RR6: 40-41, 58-59).

During spring break, when C.H. was in fourth grade, the family went camping. (RR6: 41). C.H. and K.P. decided that it would be a good time to tell

their parents about what had been going on between C.H. and appellant.  (RR6: 41, 60).

One night, when they were around the campfire, Arlen Sanchez, K.P.'s mother and C.H.'s step-mother, asked each of the children if they had any problems they wanted to talk about.  (RR6: 41-42).  When asked, C.H. told Arlen that she had something she wanted to tell her.  (RR6: 68).  Arlen could tell by C.H.'s expression that it was something serious and asked her if she would prefer to speak privately.  (RR6: 68).  Arlen and C.H. moved a little away from the others and C.H. told her that appellant had been touching her "chochito" and that it had been going on since she was in the second grade.  (RR6: 42, 60-61, 68-70).  Arlen was very upset by what C.H. told her.  (RR6: 42-43, 60-61).  Arlen told C.H.'s father and, when they returned home, they reported it to the police and took C.H. to be forensically interviewed.  (RR6: 71, 85-86).

Appellant testified at the guilt phase of trial.  (RR6: 111).  He denied having any sexual contact with C.H.   (RR6: 116).

3

## SUMMARY OF ARGUMENT

The State's abandonment of language in the indictment which had the effect of reducing the offense to a lesser included offense did not constitute an amendment and did not trigger the requirements of article 28.10 of the Code of Criminal Procedure. The evidence was legally sufficient to support the verdict. By failing to challenge the trial court's jurisdiction prior to trial, appellant has waived any error with regards to the transfer of the case to the trial court. Finally, the trial court correctly included the statutorily required instructions regarding good conduct time. Further, appellant has failed to show egregious harm.

## ARGUMENT

### RESPONSE TO APPELLANT'S FIRST ISSUE

**The State properly abandoned a portion of the
indictment, reducing it to a lesser included offense.**

In his first issue for review, appellant contends that because the State failed to comply with the requirements of articles 28.10 and 28.11 of the Code of Criminal Procedure when it amended the indictment, the amendment was void. Further, appellant contends, that because the indictment was not amended, the evidence at trial was legally insufficient when measured against a hypothetically correct jury charge. Appellant is incorrect.

4

## Multifarious Issues

Appellant has raised more than one separate and distinct complaint within a single issue. Specifically, appellant challenges both the validity of the State's amendment of the indictment and the sufficiency of the evidence in a single argument. Appellant's issue for review is multifarious and fails to present properly his complaints for appellate review. Tex. R. App. P. 38(h). This Court may disregard this point of error. *See Bell v. Texas Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 158 n.1 (Tex. App. – Houston [14th Dist.] 1998, no pet).

## The Facts at Issue

Prior to jury selection, the following occurred:

> The Court: Okay. It is my understanding that you are charged with sexual abuse on a child. Is that your understanding?
>
> Appellant: Yes, I've been told.
>
> The Court: And that is continual sexual abuse of a  - -
>
> Defense Counsel: No, the State is amending the Indictment.
>
> The Court: I was getting there, Mr. Jamison.
>
> Defense Counsel: The State has just amended the Indictment and I understand that they are charging him with second-degree indecency by contact.
>
> The Court: Is that right, Mr. Wiles?

The State: *The State is going to abandon certain language in the Indictment which would lead to the lesser-included offense of second degree indecency with a child.*

Defense Counsel: There is no objection from the defense to that.

(RR5: 4-5) (emphasis added).

Appellant was arraigned on the offense of indecency with a child, the jury was read the indictment for indecency with a child and, at the close of evidence, charged on the offense of indecency with a child. (RR5: 6-7; RR6: 14-15, 122-23).

**The State Properly Abandoned Portions of the Indictment**

Appellant contends that the State improperly attempted to amend the indictment without complying with the statutory requirements set out in the Texas Code of Criminal Procedure. Therefore, appellant contends, the amendments were void and had no effect. Further, appellant asserts that, because the amendment was void, the evidence at trial was legally insufficient to support the verdict when measured against a hypothetically correct jury charge for the original indictment. Because the State merely abandoned language in the indictment in order to reduce the originally charged offense of continuous sexual abuse of a child to indecency with a child, its actions did not constitute an amendment and appellant's argument has no merit.

6

Article I, Section 10 of the Texas Constitution guarantees an accused the right to be informed of the nature and cause of the accusation against him in a criminal prosecution. Tex. Const. art. I, § 10. It has long been held that this information must come from the face of the charging instrument. *Voelkel v. State*, 501 S.W.2d 313, 315 (Tex. Crim. App. 1973).

An amendment is an alteration to the charging instrument which affects the substance of the charging instrument. *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), *overruled on other grounds by Reney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000). Article 28.10 of the Code of Criminal Procedure controls the procedure for amending a charging instrument prior to and at the time of trial. Tex. Code. Crim. Proc. Ann. art. 28.10 (West 2006). Article 28.11 dictates that amendment of the charging instrument shall be made with the leave of the court and under its direction. Tex. Code Crim. Proc. Ann. art. 28.11 (West 2006).

However, an abandonment of a portion of the charging instrument by the State does not affect its substance and does not trigger the procedural requirements of articles 28.10 or 28.11. *Chen v. State*, 410 S.W.3d 394, 396 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). The Court of Criminal Appeals has identified three situations where an alteration of the charging instrument does not amount to an amendment: (1) abandonment of one or more ways or means of committing an offense; (2) *alteration of the charging instrument where the affect of the alteration*

7

*is to reduce the prosecution to that of a lesser included offense*; and (3) abandonment of surplusage. *Eastep*, 941 S.W.2d at 133-34 (emphasis added). Surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument. *Id.*

As stated by the prosecution at the pre-trial hearing, it abandoned elements of the indictment in order to reduce it from continuous sexual abuse with underlying alleged offenses of indecency with a child by contact to simple indecency with a child by contact. (RR5: 5). Most forms of indecency with a child by contact are lesser included offenses of continuous sexual abuse.[1] *Michell v. State*, 381 S.W.3d 554, 555-56 (Tex. App.—Eastland 2012, no pet.). This abandonment of the greater for the lesser included offense did not trigger the statutory requirements for amending the indictment. Therefore, appellant was correctly charged on the lesser included offense and, as set out pursuant to appellant's second issue, the evidence was sufficient to support his conviction for the offense of indecency with a child by contact as charged. Appellant's first issue has no merit and should be overruled.

---

[1] Section 21.02 of the Penal Code (Continuous Sexual Abuse) excludes indecency with a child by touching of the breast of a child as an element of continuous sexual abuse. Tex. Penal Code Ann. § 21.02(c)(2) (West Supp. 2013).

## RESPONSE TO APPELLANT'S SECOND ISSUE

### The evidence is legally sufficient to support the conviction.

In his second issue, appellant contends that the evidence is legally insufficient to support his conviction. Specifically, appellant asserts that there was no evidence to support the element that he acted with the specific intent to arouse or gratify his sexual desire. Appellant is incorrect.

### Standard of Review

"The *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893,895 (Tex. Crim. App. 2010). When a claim is made that the evidence is legally insufficient, this Court's standard of review is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307,319, 99 S.Ct. 2781, 61 L.Ed.2d 560,573 (1979); *Marroquin v. State*, 746 S.W.2d 747,750 (Tex. Crim. App. 1988). Appellate courts conducting a sufficiency review consider all of the evidence, whether or not properly admitted. *Lockhart v. Nelson*, 488 U.S. 33,41-42 (1988); *Johnson v. State*, 967 S.W.2d 410,411-12 (Tex. Crim. App. 1998); *Taylor v. State*, 106 S.W.3d 827,830 (Tex. App. – Dallas 2003,

9

no pet).  Further, such a review recognizes that it is within the fact finder's exclusive realm "to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts." *Young v. State*, 283 S.W.3d 854,861 (Tex. Crim. App. 2009), *cert. denied*, 130 S.Ct. 1015 (2009) (*citing Jackson*, 443 U.S. at 317-19).  The evidence in this case is sufficient to show that Appellant committed this offense as alleged in the indictment.

## Indecency with a Child

A person commits the offense of indecency with a child if, with a child younger than seventeen years and not the person's spouse, the person engages in sexual contact with the child.  Tex. Penal Code Ann. § 21.11 (a)(1) (West 2011). "Sexual contact" means any touching by a person, including touching through clothing, or the anus, breast, or any part of the genitals of a child if committed with the intent to arouse or gratify the sexual desire of any person.  Tex. Penal Code Ann. § 21.11 (c)(1) (West 2011).

## Application of the Law to the Facts

The State alleged that appellant committed the offense by "contact between the hand of defendant and the genitals of complainant with the intent to arouse and gratify the sexual desire of defendant . . ." (RR6: 14).  Appellant contends that there was no evidence to show that he acted with the intent to arouse or gratify his sexual desire.  The specific intent for the offense of indecency with a child may be

10

inferred from a defendant's conduct, his remarks, and all of the surrounding circumstances. *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref'd). An oral expression of intent is not required, the conduct itself is enough to infer intent. *Id.* A complainant's testimony alone is sufficient to support a conviction for indecency with a child. *Id.* Intent can also be inferred from the defendant's conduct after the incident. *Couchman v. State*, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref'd).

Appellant would separate C.H. from the other people in the house and give her special presents before touching her genitals with his hands. (RR6: 29-31). Appellant would separate C.H.'s legs, slide his hand down between her legs, and touch and rub her on her "chocho" over her clothes. (RR6: 31). The touching made C.H. uncomfortable and she did not like it. (RR6: 31, 33, 37-38, 40, 42). Appellant would touch his own "chochito" while he was touching her. (RR6: 70). Appellant would tell C.H. not to tell anyone about what he was doing and, after he touched her, he would give her money. (RR6: 38-39).

The jury, as the sole judges of the credibility of the witnesses and the weight to be given their testimony, could have reasonably inferred from appellant's conduct before, during, and after the incidents that he was acting with the intent to arouse and gratify his sexual desire. *See e.g. Wilkins v. State*, 05-12-00333-CR, 2013 Tex. App. LEXIS 8512, at *11 (Tex. App.—Dallas July 10, 2013, no pet.)

11

(not designated for publication). Viewing all of the evidence in the light most favorable to the verdict, the evidence is legally sufficient to support the jury's finding of guilt on the offense of indecency with a child by contact. Appellant's second issue should be overruled.

## RESPONSE TO APPELLANT'S THIRD ISSUE

**By failing to challenge jurisdiction in the trial court,
appellant has waived the issue on appeal.**

In his third issue, appellant contends that the trial court lacked jurisdiction over the case and, therefore, the judgment is void. Specifically, appellant contends that the case was not properly transferred into the Criminal District Court No. 7. Appellant's argument has no merit.

There are two bodies of law at play here. The first involves preservation. It is "axiomatic" that an issue on appeal must first be brought to the trial court's attention. *Russell v. State*, 341 S.W.3d 526, 527 (Tex. App.—Fort Worth 2011, no pet.). The complaint must be timely, and it may be made in a request, objection, or motion. *See* Tex. R. App. P. 33.1 (a)(1). Without first giving the trial court the opportunity to cure the error, even constitutional errors are forfeit. *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi 2005, pet. ref'd) (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)). To the Court of Criminal Appeals, preservation comes down to "party responsibility." *See Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). The rule applies "to any

12

appealing party equally[,]" whether the accused or the State. *State v. Mercado*, 972 S.W.2d 75, 77 (Tex. Crim. App. 1998). This duty falls on the complaining party alone.

The second body of law involves transferring cases. In counties with two or more district courts, the trial judges enjoy wide discretion to assign cases for trial and to distribute their courts' workload. *See* Tex. Gov't Code § 24.024 (West 2012). This includes the power to transfer cases between themselves. *Id.* Before transferring a case, the first judge should enter a transfer order to ensure good recordkeeping. *Id.* But failing that, any actions from the second judge are not void—they are merely subject to a jurisdictional objection. *Id.*

Still, a transfer order is not necessary before the indictment is filed. *Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd). Thus, one district court may impanel a grand jury, and a resulting indictment may be filed in any other court in the county with concurrent jurisdiction. *Id.* Before the indictment is filed, the case does not appear in any court's docket—it is not transferred, so no transfer order is required. *Id.*

Appellant did not raise any objection to the court below presiding over his trial. None of Appellant's filings raise this complaint. If he ever objected during the proceedings, the State has not found it and Appellant has not cited it. Because this objection concerns procedure rather than jurisdiction, Appellant failed to

13

preserve this issue for appellate review when he failed to object. *Lemasurier v. State*, 91 S.W.3d 987, 899–900 (Tex. App.—Fort Worth 2002, pet. ref'd). And as Appellant's brief acknowledges, the "authority is against his position" on preservation. (App. Br. p. 40). This Court should overrule appellant's third issue.

## RESPONSE TO APPELLANT'S FOURTH ISSUE

### The trial court did not err when it instructed the jury about good conduct time.

In his fourth issue, appellant contends that the trial court erred by instructing the jury with regards to good conduct time. Appellant is incorrect.

### Standard of Review

A claim of jury charge error is reviewed under the standard set forth in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)(op. on reh'g). The reviewing court must first determine if an error occurred. If error does exist, the court then determines if the error caused sufficient harm to warrant reversal. *Id.* The extent of harm requiring a reversal is controlled by whether the error was properly preserved at trial. *Id.*

Without an objection to the charge, a reversal is only warranted if the record shows that the error was so egregiously harmful that the defendant was denied a fair and impartial trial. *Id.* at 171. Examples of egregious harm include errors affecting the case's foundation, denying the defendant a valuable right, significantly affecting a defensive theory, or making the case for guilt or

14

punishment clearly and substantially more compelling. *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). A reviewing court must consider the jury charge in its entirety, the state of the evidence, the arguments of counsel and any other relevant information from the entire record. *Almanza*, 686 S.W.2d at 171.

### The Law

A person convicted of indecency with a child is not eligible for good-conduct time credit to be considered in the calculation of parole eligibility. *See* Tex. Gov't Code § 508.145 (West Supp. 2013). However, a trial court does not commit error when it instructs the jury, as required, on the availability of good conduct time, even if the defendant is not eligible for such credit. *See Luquis v. State*, 72 S.W.3d 355 (Tex. Crim. App. 2002); *see also Goines v. State*, No. 05-06-00441-CR, 2006 Tex. App. LEXIS 10166 (Tex. App.—Dallas Nov. 28 2006, no pet.) (not designated for publication).

### Application to the Facts

Appellant argues that the trial court erred in instructing the jury on good conduct time because he is not eligible for his good conduct time to be included in the time he must serve to reach parole eligibility. The trial court gave the following instruction during the punishment phase:

> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration

15

imposed through the award of good-conduct time. Prison authorities may award good-conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good-conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

It cannot be accurately predicted how the parole law and good-conduct time might be applied to this defendant if he is sentenced to a term of imprisonment because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good-conduct time, however, you are not to consider the extent to which good-conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which parole law may be applied to this particular defendant.

(CR: 37-38).

The trial court explicitly informed the jury that Appellant was not eligible for parole until he had served one-half of the sentence. Tex. Gov't Code § 508.145 (West Supp. 2014). It is well settled that the trial court was statutorily required to generally instruct the jury on the concept of good conduct time. Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2013); *see also Luquis*, 72 S.W.3d at 363 ("The Texas Legislature enacted legislation that requires the trial judge to instruct

16

the jury in the precise wording that the statute recites. Article 37.07, section 4(a) sets out, verbatim, the words that the trial judge is to use. There are even quotation marks around the wording of the instruction.

The trial court complied, verbatim, with the requirements of article 37.07, section 4(a) and instructed the jury not to consider how the concept of good time credit might apply to appellant. *But cf. Hubert v. State*, No. 05-12-01084-CR, 2014 Tex. App. LEXIS 2467, 32 (Tex. App.—Dallas Mar. 4, 2014)(not designated for publication) (emphasis added) ("We agree that the parole eligibility instruction given by the trial court was erroneous since it <u>did not comply</u> with article 37.07, section 4(a), of the code of criminal procedure.").

Even if the instruction was given in error, Appellant did not make an objection and has failed to show that he suffered egregious harm. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) ("Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory."). Here, the jury sentenced Appellant to eight years' imprisonment, less than the maximum of twenty years that was permitted by law. Tex. Penal Code Ann. § 12.33 (West 2011); *see also Shavers v. State*, 985 S.W.2d 284, 292 (Tex. App.—Beaumont 1999, pet. ref'd).

As in *Luquis*, there is no indication in the record that the jury disregarded the trial court's instruction not to apply the law of parole or good conduct credit to Appellant's case. *Luquis*, 72 S.W.3d at 367. Neither the State nor counsel for Appellant discussed the law of parole or good conduct credit during voir dire or jury argument. (RR6: 162-66). Thus, assuming arguendo that the trial court's instruction was erroneous, Appellant has failed to demonstrate that he suffered egregious harm requiring the reversal of his conviction. Accordingly, Appellant's fourth point of error must be overruled.

## PRAYER

The State prays that this Honorable Court will affirm the judgment of the trial court.

Respectfully submitted,

_(signature)_

Susan Hawk
Criminal District Attorney
Dallas County, Texas

Laura Anne Coats
Assistant District Attorney
State Bar No. 00790476
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3625
(214) 653-3643 *fax*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief was served on Allan Fishburb, Counsel for Appellant, 701 Commerce Street, Suite 400, Dallas, TX 75202 by first class mail and by email at allanfishburn@yahoo.com on January 12, 2015.

_(signature)_

Laura Anne Coats

## CERTIFICATE OF WORD COMPLIANCE

I further certify that this document contains 4,242 words, inclusive of all contents except for the Table of Contents and Index of Authorities, according to Microsoft Word, which was used to prepare the brief. *See* Tex. R. App. P. 73.3; Tex. R. App. P. 73.1(f).

_____
LAURA ANNE COATS